## TY TY CONSOLIDATED SCHOOL DISTRICT *v.* COLQUITT LUMBER COMPANY.

1. The plaintiff in error, a school district, is such a body corporate under the law that it may be sued, where it has incurred a liability under the law.

2. The act of the General Assembly approved August 19, 1916 (Georgia Laws 1916, p. 94), entitled, "An act providing for the making of contracts by the State, counties, municipal corporations, or any other public boards, for the doing of any public work, and requiring the contractor in such contracts to give bond," etc., is not unconstitutional on the ground that it contains matter different from what is expressed in the title of the act.

3. Nor is it unconstitutional because violative of the due-process clause of the constitution, or the provision of the constitution guaranteeing the equal protection of the laws.

4. The provision in the act that if the bond contemplated be not taken as required, the corporation or body for which work is done under the contract shall be liable to persons furnishing labor, materials, etc., for any loss resulting from such failure, does not render the act repugnant to art. 7, sec. 6, par. 2, of the constitution of the State of Georgia, which places a limitation upon the taxing power of counties.

NO. 2790. MAY 15, 1922.

Equitable petition. Before Judge Thomas. Colquitt superior court. August 10, 1921.

*Dowling, Askew & Whelchel,* for plaintiff in error.

*W. F. Way, James Humphreys,* and *R. S. Roddenbery,* contra.

BECK, P. J. The defendant in error, Colquitt Lumber Company, brought an equitable petition in Colquitt superior court against W. D. Powell and Ty Ty Consolidated School District, alleging that the defendants were indebted to the plaintiff in a given sum for material furnished to Powell, who was the contractor in the erection of a school building for the school district; also alleging, among other things, that the school district had issued bonds for the erection of the building, and that no bond had been required of Powell, the contractor, in compliance with the requirements of the act of the legislature approved August 19, 1916 (Georgia Laws

1916, p. 94), entitled, " An act providing for the making of contracts by the State, counties, municipal corporations, or any other public boards, for the doing of any public work, and requiring the contractor in such contracts to give bond to the contractee for the use of the obligee, and all persons doing work or furnishing skill, tools, machinery, or materials for the purpose of such contract; naming the amount of the penalties in such bond; providing for the approval and filing of such bond, and conditions and penalties for the failure to take such bond." To this petition the school district filed a demurrer attacking the act of 1916, upon the ground that it was unconstitutional and in violation of various provisions of the State and Federal constitutions. The court below overruled the demurrer, and the defendant excepted.

1. The demurrer raised the issue as to whether the defendant is a body corporate under the laws of Georgia, with authority to sue and be sued, and the contention that the allegation in the petition that " the defendant is a subdivision of the State of Georgia " is a conclusion of the pleader and is not substantiated by the allegations of the petition. This contention is without merit. The Ty Ty Consolidated School District is a district regularly laid off and platted, as contemplated and provided for in our statutes relating to the laying off of counties into school districts, defining the boundaries, the area thereof, etc., and the making of plats and maps showing the location of such districts.

Our statutes in regard to taxation for the support of schools in these districts, which clothe them with authority in certain cases to issue bonds for the erection of schoolhouses, in effect make them such subdivisions of the county and the State that they may sue or be sued. They have the authority to issue bonds for the purposes specified in the law; and if they can contract debts, issue bonds, and raise money by taxation, contract for the erection of school buildings, and take bond from the contractor, the law conferring upon them this authority and these rights must contemplate that they can be sued.

2. Another ground of the demurrer to the petition attacks the act of 1916, relating to bonds to be given by contractors for public works, upon the ground that it is violative of art. 3, sec. 7, par. 8, of the constitution of this State, in that the act contains matter different from what is expressed in the title. In section 2 of the

body of said act it is provided: " If such bond, together with affidavit when necessary, be not taken in manner and form as herein required, the corporation or body for which work is done under the contract shall be liable to all persons furnishing labor, skill, tools, machinery, or materials to the contractor thereunder, for any loss resulting to them from such failure." And it is contended that nothing is contained in the title of said act with reference to penalties or political subdivisions. This objection is withous merit, as will be seen by a comparison of the act quoted with the title, which latter is in part as follows: " An act providing for the making of contracts by the State, counties, municipal corporations, or any other public boards, for the doing of any public work, and requiring the contractor in such contracts to give bond to the contractee for the use of the obligee, and all persons doing work or furnishing skill, tools, machinery, or materials for the purpose of such contract; naming the amount of the penalties in such bond; providing for the approval and filing of such bond, and conditions and penalties for the failure to take such bond." It will be seen that the title of the act relates to the making of contracts by political subdivisions, the taking of bond, and " conditions and penalties for the failure to take such bond."

3-4. The rulings made in headnotes three and four require no elaboration.     *Judgment affirmed.   All the Justices concur.*