16030.   DECATUR COUNTY *v.* SOUTHERN CLAY MANUFACTURING COMPANY.

STEPHENS, J.   1. A county which has entered into a contract for the construction of public work for the county and has failed to take from the contractor the statutory bond required under the act approved August 19, 1916, providing that in such cases a bond be furnished by the contractor for the use of persons doing work, furnishing material, etc.,

20

under and for the purpose of the contract, is liable to any person furnishing material to the contractor for the purpose of the contract, for any loss resulting to such person from the failure of the county to take the required bond. Ga. L. 1916, p. 94. It is not essential to the county's liability under this act that the work for which the county contracted shall have been completed.

2. In a suit against a county by one who has furnished material to one who has contracted with the county for the construction of a bridge for the county, where it appears that, under the ruling in *American Surety Co.* v. *Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617), the bond which was given to the county by the contractor was not such a bond as is required by the act of 1916, supra, and where it appears that the material furnished was used in the construction of the bridge for 'the county's benefit under the terms of the contract, and that the contractor to whom the plaintiff furnished the material is insolvent, and that for this reason the plaintiff will suffer a loss in the amount of its claim unless it can hold the county liable therefor, the county is liable to the plaintiff in the amount sued for as representing the loss sustained by the plaintiff as a result of the county's failure to take the required bond. See, in this connection, *Ty Ty Consolidated School District* v. *Colquitt Lumber Co.*, 153 *Ga.* 426 (112 S. E. 561); *Hannah* v. *Lovelace-Young Lumber Co.*, 159 *Ga.* 856 (127 S. E. 225).

3. The petition set out a cause of action, and the judgment finding for the plaintiff in the amount sued for was authorized by the evidence.
*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1925.

Complaint; from city court of Bainbridge — Judge Spooner. October 27, 1924.

*H. G. Bell, Pottle & Hofmayer,* for plaintiff in error.
*T. S. Hawes, Dodd & Dodd,* contra.