## 16345. BOARD OF EDUCATION OF McINTOSH COUNTY v. UNITED SUPPLY COMPANY.

STEPHENS, J. 1. A public body which has entered into a contract for the construction of public work can not, by notice to a materialman of its intention to pay direct to the contractor all bills for material which may be furnished to the contractor by the materialman for the purpose of the contract, and that it will not be liable to the materialman for such material, relieve itself of the statutory liability imposed upon it by an act approved August 19, 1916 (Ga. L. 1916, p. 94), for loss to a materialman resulting from the failure of the public body to take the bond required under that act for the use of persons furnishing material for the purpose of such contract. Nor will such notice to the materialman operate to estop him from asserting his right, under the statute, to hold the public body liable.

2. Where, by reason of the insolvency of the contractor and the failure of the public body to take the statutory bond required, the materialman will suffer a loss in the amount of the purchase-price of the material

furnished, he may, under the authority of the statute, recover for such loss against the public body.

3. The board of education of McIntosh county is a public body liable to suit under the provisions of the act of 1916, supra, by a materialman who suffers a loss by reason of the failure of the board, when letting a contract for public work, to take the statutory bond required under that act for the protection of materialmen, etc., furnishing material for the purposes of the contract. *Ty Ty Consolidated School Dist.* v. *Colquitt Lumber Co.*, 153 *Ga.* 426 (112 S. E. 561).

4. This being a suit against the board of education of McIntosh county by the United Supply Company, a materialman, which furnished material to one who contracted with the defendant for the erection of a schoolhouse, and it appearing that, under the ruling in *American Surety Co.* v. *Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617), and *United Supply Co.* v. *United States Fidelity & Guaranty Co.*, 32 *Ga. App.* 472 (123 S. E. 907), the bond taken by the defendant was not the statutory bond required under the act of 1916, supra, and it appearing that by reason of the insolvency of the contractor the plaintiff suffered loss of the material furnished to the contractor for the purpose of being used for the erection and construction of the building contracted for, the verdict and judgment found for the plaintiff were authorized. *Decatur County* v. *Southern Clay Mfg. Co.*, 34 *Ga. App.* 305 (129 S. E. 290).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 17, 1925.

Complaint; from McIntosh superior court—Judge Sheppard. February 13, 1925.

Application for certiorari was denied by the Supreme Court.

*Tyson & Tyson,* for plaintiff in error.

*Conyers & Wilcox,* contra.

ON MOTION FOR REHEARING.

The ruling made in paragraph 3 of the syllabus above is not only sustained by the act approved August 19, 1916, supra, but is not in conflict with the ruling of the Supreme Court in *Hannah* v. *Lovelace-Young Lumber Co.*, 159 *Ga.* 856. It was there held that where a public-school board, which had let a contract for a public-school building, had failed to take the bond required under the act approved August 19, 1916, supra, where it did not appear that the defendant was "a local district in which the levy of the local tax sought to be enforced by mandamus is authorized by law," mandamus would not lie to compel the school district to levy a tax for the purpose of raising funds to pay the claim of one who had furnished material which went into the construction of the building. That case is not authority for the proposition that the school board is not subject to suit. *Rehearing denied.*