## 18404. MILLSAPS v. HAYES.

STEPHENS, J. 1. An agreement executed after the maturity of a promissory note, by which the payee agrees with the maker to extend the time of payment in consideration of the maker's promise to pay interest, either past due or to be earned in the future, at a rate less than the maker is under a legal obligation to pay, is void as lacking in consideration. *Crawford* v. *Gaulden*, 33 *Ga.* 173; *Tatum* v. *Morgan*, 108 *Ga.* 336 (33 S. E. 940).

2. A promissory note dated December 6, 1912, and maturing December 1, 1913, which provides for the payment of interest upon the principal sum at the rate of 8 per cent. per annum from the date of execution, continues to draw interest after its maturity in a sum in excess of 6 per cent. per annum, whether the note draws interest after maturity at 7 per cent. implied by law, or at 8 per cent. under the terms of the contract. An agreement made after maturity, between the payee and the maker, by which the payee agrees to extend the time of payment of the note in consideration of the maker's promise to pay interest upon the principal sum at 6 per cent. per annum, is, since the maker's promise to pay as a consideration for the extension is an amount less than that for which he is already legally bound, void as lacking in consideration.

3. The agreement, being void for lack of consideration, could not operate as a release of the surety upon the note. In a suit by the payee against the maker and another, claiming to be a surety, where the only defense interposed by the alleged surety was that the defendant, as surety, had been released by virtue of the agreement between the maker and the plaintiff, by which, in consideration of an extension of the time of payment by the plaintiff, the maker would pay 6 per cent. per annum as interest upon the note, the court did not err in excluding certain testimony offered, tending to establish a novation of the contract, and in thereafter directing a verdict for the plaintiff against both defendants in an amount admitted by the maker as due, with interest at the contract rate to the date of the verdict.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 29, 1928.

*J. C. Pratt, R. B. Russell Jr.,* for plaintiffs in error.
*Jere S. Ayers,* contra.