20749.  WEST GREEN SCHOOL DISTRICT *v.* PEOPLES PLANING MILL COMPANY.

JENKINS, P. J.  1. While a school district is such a body corporate as may be sued, where it has incurred liability under the law (*Ty Ty Consolidated School District* v. *Colquitt Lumber Co.,* 153 *Ga.* 426, 112 S. E. 561), and while such a corporation may be liable to one who has furnished material to a contractor, engaged in the erection of a public building under a contract with such public body, for any loss resulting to him from the failure of the corporation or body to take the bond required by the act approved August 19, 1916, Ga. L. 1916, p. 94 (Michie's Code (1926), § 389(2)); (*Decatur County* v. *Southern Clay Mfg. Co.,* 34 *Ga. App.* 305, 129 S. E. 290; *Board of Education of McIntosh County* v. *United Supply Co.,* 34 *Ga. App.* 581, 131 S. E. 292), the loss sued for must be shown to have resulted from a failure to take the bond provided for.

2. In the instant suit against a school district, which was submitted to the court on the pleadings without the introduction of any evidence, the court was authorized to consider as evidence only such allegations of the petition as were admitted by the answer. All the allegations of the

original petition were admitted except the conclusion of liability. The original petition did not charge insolvency on the part of the contractor to whom the materials sued for were furnished, nor did it otherwise show the inability of the plaintiff to collect the amount sued for from the contractor, merely alleging the furnishing of the materials, the fact that no bond was taken by the school district, and that the account had not been paid. While the plaintiff, by amendment, did set forth that the loss resulted from the failure of the school district to take the bond provided for by law, and that the contractor's whereabouts were unknown, although the plaintiff was informed that the contractor was a nonresident of the State, and the plaintiff had endeavored to collect the amount of the account from the contractor prior to the time his whereabouts became unknown, these allegations were not admitted by the answer, and, even if sufficient to allege the fact essential to a recovery, that the loss to the plaintiff had resulted from the failure of the school district to take a bond from the contractor, there was no evidence offered to support them, and no stipulation in the agreement of counsel as to their truth. Consequently the finding of the judge, sitting without a jury, in favor of the plaintiff, was unauthorized.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 16, 1931.

*J. T. Sisk, for plaintiff in error.*
*Quincey & Quincey, L. G. Lanier, contra.*