### 20379. SINCLAIR REFINING COMPANY v. COLQUITT COUNTY.

STEPHENS, J. 1. A bond executed by one who has contracted with a county to do public work, which is payable only to the county as the obligee, and conditioned to save only the obligee from any loss resulting from the contractor's failure to perform the contract, is, under *American Surety Co.* v. *Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617), not the statutory bond required by an act approved August 19, 1916 (Ga. L. 1916, p. 94).

2. Whether or not the act approved August 19, 1916 (Ga. L. 1916, p. 94), providing that a person who has contracted with a political subdivision of this State to do public work shall execute a bond payable to the body contracted with for the use of the obligee and to all persons "doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract," was enacted for the purpose of benefiting persons who, but for the fact that the contract was with a political subdivision for the purpose of doing public work, would have liens upon a building or structure built pursuant to the contract, the act may nevertheless by its terms include all persons who furnish material for the purpose of the contract, irrespective of whether, but for the public character of the work, they would have liens for the cost of the material furnished. Whether or not a lien arises in favor of a person furnishing to the contractor gasoline and oil for the purpose of carrying out the contract, the bond required, under the act of 1916, of contractors doing public work for a political subdivision of this State, is payable to the body contracted with, for its use, and that of "all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract," and indemnifies the obligee against "all just claims for work, tools, machinery, skill, and materials furnished by persons under, or for the purpose of, such contract, and for a compliance with the laws appertaining thereto." Gasoline and oil furnished to a contractor engaged in performing public work, for the purpose of being used by him in the performance of the contract and used for this purpose, are necessarily "materials" furnished "for the purpose of such contract," and, being such, the person so furnishing the gasoline and oil comes within the protection of the act of 1916, and the bond required by that act affords him indemnification, as provided in the act, against loss to him on account of the gasoline and oil which he furnishes for the purpose of the contract. *Franzen* v. *Southern Surety Co.*, 35 Wyo. 15 (246 Pac. 30, 46 A. L. R. 496).

3. Where a political subdivision of this State fails to take from a contractor with whom it has contracted to do public work the bond required of the contractor as provided by the act of 1916, supra, the political subdivision making the contract is, by the terms of the act itself, "liable to all persons furnishing labor, skill, tools, machinery, or materials to the contractor thereunder, for any loss resulting to them from such failure." Where the contractor becomes insolvent, and is in consequence unable to pay for the labor, skill, tools, machinery, or materials furnished to him for the purpose of the contract, any person who furnished such labor, etc., and has not been paid therefor, suffers a loss by a failure of the political body, with whom the contractor has

contracted, to take the bond required under the act of 1916. *Decatur County* v. *Southern Clay Manufacturing Co.*, 34 *Ga. App.* 305 (129 S. E. 290) ; *Board of Education* v. *United Supply Co.*, 34 *Ga. App.* 581 (131 S. E. 292).

4. The petition in this suit, brought against the county to recover the cost of gasoline and oil alleged to have been furnished by the plaintiff to a contractor for the purpose of a contract with the county, set out a cause of action, and was good against general demurrer. The court erred in sustaining the general demurrer and dismissing the petition.

5. Since the amount the petitioner lost by reason of the failure of the defendant county to take the statutory bond required is dependent upon the amount of the liability of the contractor to the petitioner for the materials furnished, the petition is subject to the special demurrer, in that it failed to contain an itemized statement of the gasoline and oil alleged to have been furnished by the plaintiff to the contractor. The petition is not otherwise subject to special demurrer.

6. The ruling here made is not in conflict with anything held in *Hannah* v. *Lovelace*, 159 *Ga.* 856 (127 S. E. 225).

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1931.

*Alston, Alston, Foster & Moise, Hoyt H. Whelchel*, for plaintiff. *J. O. Gibson*, for defendant.