EATONTON OIL & AUTO CO. *v.* GREENE COUNTY *et al.*

No. 10762. July 11, 1935. Adhered to on rehearing, September 21, 1935.

*Miles W. Lewis* and *R. C. Jenkins,* for plaintiff.
*Noel P. Park* and *J. G. Faust,* for defendant.

BELL, Justice. The Court of Appeals certified the following question: "Where a contractor has done public work, such as the building of a road, under a contract with a county, and the contract, by reason of the fact that no bond as required under the act approved August 19, 1916 (Ga. L. 1916, p. 94), for the protection of materialmen and laborers furnishing material and labor for the work and conditioned for the completion of the work in accordance with the terms of the contract, has been executed, and therefore the contract between the county and the contractor for the performance of the work is, as provided in that act, not *valid for any purposes,*' and where, after the materialman has furnished to the contractor material, a part of which only went into and was used in the work, and where the county accepts from the contractor an order on the county to pay to the materialman, out of funds owing by the county to the contractor when they shall become due to the contractor under the terms of the contract between the county and the contractor, subject to other orders of the county, a sum of money which represents the amount owing the materialman by the contractor for the material furnished to the contractor, and where afterwards, and before the county is due the contractor, under the terms of the county's contract with him, the money which by the terms of the order is to be paid to the materialman, the county pays to the materialman a portion of this sum in cash, and at the time enters into a contract with the materialman by which the materialman, in consideration of the county's payment to him of this portion. of the sum due him under the order, and in consideration of the 'advantages received therefrom' by him and $1, and 'of the acceptance' by the county of the order, releases the county from any obligation to him except as represented in the order, and releases the county from any responsibility to him for any indebtedness due him by the contractor, and agrees that the balance of the sum due him by the county arising out of the acceptance of the order of the materialman [contractor?] to the county shall still remain a binding obligation of the county to the materialman, subject to other claims and priorities mentioned in the contract, can the materialman treat this last contract between him and the county as being void and of no force and effect; and where he has suffered a loss in the failure to collect for

the material furnished, by reason of the insolvency of the contractor and the failure of the county to take the bond from the contractor as required under the act of 1916, supra, can he recover from the county upon the county's statutory liability, as provided by the act of 1916, supra, to a materialman who has furnished material to a contractor doing public work for the county where the material went into the work and where the materialman suffered a loss of the material furnished by reason of the contractor being insolvent and the county not having taken the required bond, the balance due the materialman by the contractor for the material which the materialman had furnished to the contractor and which went into the work which the contractor had performed for the county?" Answer, No.

As appears from the question, the county made a contract for public work without taking bond from the contractor as required by the act of August 19, 1916 (Ga. L. 1916, p. 94). By reason of the county's failure to exact bond, the contract was invalid "for any purpose," and the county exposed itself to liability to materialmen who furnished material to the contractor, "for any loss resulting to them from such failure." *Ty Ty School District* v. *Colquitt Lumber Co.*, 153 *Ga.* 426 (112 S. E. 561); *Hannah* v. *Lovelace-Young Lumber Co.*, 159 *Ga.* 856 (127 S. E. 225); *American Surety Co.* v. *Corr Service &c. Co.*, 47 *Ga. App.* 295 (170 S. E. 325); *Greene County* v. *Carr Co.*, 47 *Ga. App.* 752 (171 S. E. 401). After the materialman had furnished material to the contractor, only a part of which was used in the execution of the particular contract, the contractor gave to the materialman an order on the county for the amount due for such material. The county accepted the order subject to certain conditions, although under the act of 1916 the initial contract was invalid for any purpose, and when, even regardless of that statute, the county officials could not bind the county by such acceptance. *Jones* v. *Bank of Cumming*, 131 *Ga.* 614 (3, 4) (63 S. E. 36). In this situation the county paid to the materialman a portion of the sum specified in the order, but as an inducement for such payment the materialman agreed with the county that he would release it "from any obligation to him except as represented in the order" and "from any responsibility for any indebtedness due him by the contractor," stipulating,

however, "that the balance of the sum due him by the county arising out of the acceptance of the order of the materialman[?] to the county shall still remain a binding obligation of the county to the materialman, subject to other claims and priorities mentioned in the [acceptance] contract." It appears that this payment by the county was made before it was due to the contractor under the terms of the county's contract with him, considered as an enforceable obligation. The release agreement executed by the materialman in favor of the county was based in part upon such payment, including the fact that it was made before maturity. The release agreement recited still further consideration, namely, the sum of $1 paid by the county to the materialman. It thus appears that the county paid to the materialman moneys which it could not have been required to pay under the order, but as to which the materialman was seeking payment, and that the county paid to him the additional sum of $1, in consideration of all of which the materialman executed a release by which he expressly relieved the county from liability, except as reserved in this agreement. In the circumstances, the materialman could not treat "this last contract between him and the county as being void," and recover upon the county's statutory liability for a loss which he may have sustained by reason of the insolvency of the contractor and the failure of the county to take bond as required by the act of 1916, but any right of recovery would be subject to the terms of the release contract, which expressly excepted certain matters from its operation. The release was based upon a valid consideration, and was binding upon the materialman. It will not do to say that since the contract between the county and the contractor was void, the county in paying an amount on the order was paying to the materialman only what was then and there due by it to that party, and that the payment therefore did not constitute a consideration. The contractor had issued an order to the materialman which the county had conditionally accepted, and the materialman was demanding payment *thereunder*. Regardless of the act of 1916, the county could not have been required to honor the order or to make payment even within the terms of the purported acceptance. *Jones* v. *Bank of Cumming,* supra. The difference between the parties appears to have related, in part at least, to the

liability of the county in respect of these instruments, and in the adjustment of such difference the materialman obtained a payment which he could not have enforced by any action upon them, and which he might not have obtained except for the concessions made. Nor is it proper to treat the county as having been absolutely liable for its failure to take bond in accordance with the statute. The failure to exact the bond did not render the county liable to the materialman in all events, but made it liable only for any loss *resulting* from such failure, the burden of proof as to the cause of the loss being upon the materialman. *West Green School District* v. *Peoples Planing Mill Co.,* 42 *Ga. App.* 677 (157 S. E. 343). Furthermore, from the standpoint of consideration, the recital of the payment of one dollar was alone sufficient to render such release prima facie valid. *Martin* v. *White,* 115 *Ga.* 866 (42 S. E. 279); *Rich* v. *Rich,* 147 *Ga.* 488 (3) (94 S. E. 566); *Morris* v. *Mobley,* 171 *Ga.* 224 (7) (155 S. E. 8). The materialman and the county entered into what appears to be a compromise agreement. The materialman could not retain what he had received thereunder and at the same time repudiate its terms. A compromise or mutual accord and satisfaction is binding upon the parties. Code of 1933, § 20-1205; *Preston* v. *Ham,* 156 *Ga.* 223 (119 S. E. 658); *Armour Fertilizer Works* v. *Wynne Co.,* 40 *Ga. App.* 842 (151 S. E. 671), and cit. The question propounded by the Court of Appeals involves no inquiry as to whether the release agreement should be recorded in order to be enforceable against the materialman; nor can it be construed as desiring instruction as to whether the county would be relieved in respect of such material, if any, as might have been furnished *after* the issuance of the order by the contractor. The interrogation is whether the materialman can treat the contract between him and the county as *being void* and recover upon the county's statutory liability for such loss as he may have sustained by the insolvency of the contractor and the failure of the county to exact bond as required by the statute. The validity of the release agreement seems to be the gist of the question propounded, and the answer thereto should be limited accordingly. Thus, regardless of the fact that some other questions are discussed in the briefs, the question as propounded is interpreted as referring only to such material as was furnished

to the contractor before his execution of the order directing payment by the county, and as requesting no instruction from this court as to the county's liability on account of material, if any, thereafter furnished. In this statement, we refer to the scope of the *question* and not to the meaning and intention of the contract. If further construction of the contract is necessary, that will be a matter for the Court of Appeals. To construe the question as embracing the variable conditions referred to in the briefs of counsel would render it so indefinite as not to require answer. *Willis* v. *Georgia Power Co.,* 178 *Ga.* 878 (174 S. E. 625). In *Georgian Co.* v. *Jones,* 154 *Ga.* 762 (115 S. E. 490), it was said: "In giving instructions upon the questions certified by the Court of Appeals to this court, we will in all cases confine ourselves to the precise point involved in the question propounded, and make answer only to the exact question asked, without reference to what might be a possibly different answer were a different question, or even the same question, couched in different language. This rule must be followed, because it is the right and duty of the Court of Appeals to finally adjudicate; and in almost every question it is apparent that the Court of Appeals has already decided, as it must do, some of the facts and some of the principles of law to be established in the particular case. The Court of Appeals knows the precise point as to which they desire instructions, and there can arise no instance in which this court would be justified in making answer to any other than the exact question propounded." The question as framed is answered in the negative. *All the Justices concur.*