25218. STANDARD OIL COMPANY OF NEW JERSEY *v.* JASPER COUNTY *et al.*

DECIDED JULY 15, 1936. REHEARING DENIED JULY 23, 1936.

*R. C. Jenkins, D. D. Veal, Miles W. Lewis,* for plaintiff.

*A. S. Thurman, W. H. Key,* for defendants.

STEPHENS, J. The Standard Oil Company of New Jersey, on January 16, 1934, brought an action against Jasper County and its county commissioners for the purchase-price of certain gasoline sold by the plaintiff to Copeland-Wey Incorporated, and used by the latter in the construction of a State aid highway running from Monticello in Jasper County to the county line in the direction of Covington, Georgia. The petition was in seven counts, of which only a few allegations need be stated. The first count alleged an indebtedness of $2832.99; that in September, 1931, a contract was made between the State Highway Department and Jasper County for the construction of projects numbers 193-A and 649-A, the county agreeing to furnish and deliver all the material and to perform all the necessary work; that the county procured Copeland-Wey Incorporated as contractor to perform certain work and to furnish material for it; that the plaintiff furnished to the contractor certain material used in the construction of the road to the amount of $2831.99; that payment was demanded of the contractor, which refused pay and informed the plaintiff of its inability to pay; that the contractor was insolvent; that the county did not take from the contractor the bond required by the act of August 19, 1916 (Ga. L. 1916, p. 94; Code, § 23-1705); that the petitioner had demanded payment, which the defendants refused; that the plaintiff would sustain loss in said sum because of the failure to take the bond required by the act of 1916 (Code, §§ 23-1704, 23-1705); that the contractor had completed its work, and the amount sued for was due; and that the petitioner had filed with the defendant notice of its claim within twelve months from the time the same became due and payable and within twelve months from the final completion of the work. The second count contained the same allegations as count 1, except that the amount claimed was $1562.99, and there was an allegation that the defendants received the benefit of the material making up the account, and used the material to improve its roads and highways; and that it would be a fraud on the plaintiff not to hold the defendants liable for the material so used by it. Count 3 contained

the same allegations as count 2, except that the amount claimed was $4365.98, and it was alleged that the contractor finished the contract on February 21, 1933, and that the plaintiff agreed with the contractor that the purchase-money was due and payable when the contract was finally completed and accepted. Count 4 alleged that the defendants were indebted to the plaintiff on an open account shown by attached exhibits, in the sum of $4365.98, of which amount exhibit A showed material furnished to and used by the defendants on project No. 193-A to the amount of $2832.99, and exhibit B showed material used in project No. 649-A to the amount of $1532.99. Other allegations were substantially the same as in count 2. Count 5 was like count 4, with the additional allegation that the material sued for was sent to Monticello, Jasper County, in the name of Copeland-Wey Incorporated, by the instructions and at the request of the defendants. Count 6 alleged the furnishing and use of the material as in previous counts, and that under the terms of the agreement between the Highway Department and the county the latter agreed to furnish the labor for the construction of the project, and not to sublet any part of the contract; that the defendants violated the contract and hired Copeland-Wey Incorporated to "shoot" the asphalt used on the project, and for that purpose Copeland-Wey Incorporated was the agent of Jasper County; that Copeland-Wey Incorporated carried out the work of "shooting" or pouring the liquid asphalt used in the project which was completed and accepted by the Highway Department on February 21, 1933. Count 7 was largely a repetition of count 6, with more extended allegations that Copeland-Wey Incorporated acted as agents of the county in purchasing the asphalt. Every count alleged presentation of the claim to the defendant within twelve months from the time it became due and payable and within twelve months from the completion of the work.

The plaintiff amended its petition by substituting the figures "679-A" for "649-A," and by adding to each count a new paragraph which alleged that the material was used on a paved road beginning at Monticello, Georgia, and extending to the Newton County line, a distance of 13.269 miles, on State route 11 of the highway system of Georgia, and forming one complete paved road. To this amendment were attached copies of the contracts between

Jasper County and the Highway Board, and of certificates show-ing completion and acceptance of part of the work on February 21, 1933, and of another part on September 1, 1933, and of an-other part on September 11, 1933. This amendment also re-stricted the principal amount sued for in every count to $2832.99. Another amendment added to every count a paragraph which al-leged that the original contract between the plaintiff and Cope-land-Wey Incorporated as to the time of payment set out in para-graph 2 of the contract was mutually disregarded by both parties under the Code, §§ 20-116, 38-507, and it was verbally agreed be-tween the parties that item 2 of the original contract would not be binding on either of them, but that full payment for the asphalt was to be made at the time that Copeland-Wey Incorporated com-pleted all of its projects in Jasper County, and when the same were finally completed and accepted, and final estimates paid to Copeland-Wey Incorporated, and in the meantime said company would not be sued.

The defendants answered all counts with general denials of lia-bility, and, as to counts 1 and 2, with a denial of any necessity for taking bond from Copeland-Wey Incorporated, because there was no valid and binding contract between Jasper County and said contractor, and a denial that the plaintiff had suffered loss by failure of the defendants to comply with the act of 1916. The an-swer to each count was amended by adding a paragraph which al-leged that the right of action of the plaintiff, if any it ever had, accrued or became payable more than one year before the presen-tation of the claim and more than one year before the filing of the petition, and therefore it was barred. The case was referred to an auditor, who reported in favor of the defendant on the ground that the claim was barred by the statute of limitations. To this report the plaintiff filed exceptions of fact alleging that the audi-tor's finding was contrary to law and to the evidence and without evidence to support it. On the trial of the exceptions the court directed a verdict in favor of the defendants. The plaintiff ex-cepted.

The evidence need not be detailed. There is no conflict as to the facts which must determine the decision of the case. Jasper County made certain contracts with the Highway Department, as alleged in the petition. The county in May, 1931, made a con-

tract with Copeland-Wey Incorporated, whereby the latter agreed to furnish the necessary asphalt and to heat, haul, and apply it in the construction of the road for a certain price per gallon. Copeland-Wey Incorporated, on May 29, 1931, made a contract with Standard Oil Company of New Jersey to buy not exceeding 600,000 gallons of asphalt during the period of twelve months from May 29, 1931, to May 29, 1932, the agreement containing a provision that payments should be made by the buyer "thirty days after date of invoice." The asphalt for the price of which this suit was brought was shipped to Copeland-Wey Incorporated and was used on the road in April and May, 1932. On November 4, 1932, Mr. Walker, credit manager of the South Carolina division of the plaintiff, had an agreement with Copeland-Wey Incorporated that the plaintiff would receive full payment for the asphalt at the time the projects were fully completed and accepted and final estimate paid to Copeland-Wey Incorporated. Copeland-Wey Incorporated became insolvent in December, 1932. The several projects in which Copeland-Wey Incorporated was interested were completed at various dates in 1933 after January. On January 6, 1934, formal demand for payment was made by the plaintiff on the county, and suit was filed on January 16, 1934.

■ By the terms of the contract between the plaintiff and Copeland-Wey Incorporated the whole of the plaintiff's account had become due by July 1, 1932. Since the Code, § 23-1602, provides that "all claims against counties must be presented within twelve months after they accrue or become payable," it is necessary to determine when a claim such as the present one "accrues or becomes payable." The act of 1916 (Ga. L. 1916, p. 95; Code, § 23-1706), which declares that a public body "shall be liable to all persons furnishing labor, skill, tools, machinery, or materials to the contractor," for any loss resulting to them from the failure to take bond, does not prescribe the time when the loss shall be deemed to have resulted, or any time during which the public body may be called upon by demand or by suit to pay the furnisher of labor, materials, etc. When bond is given, any action thereon is limited to one year from the completion of the contract and the acceptance of the work by the proper public authorities. Ga. L. 1916, p. 97; Code, § 23-1709. But it was held in *Decatur County* v. *Southern Clay Mfg. Co.*, 34 *Ga. App.* 305 (129 S. E. 290), that a material-

man may bring suit against the county before the completion of the work, if the contractor is then insolvent. In such case, the time when the contractor becomes insolvent is the time when the loss results and the county becomes subject to suit. In the case at bar, the uncontradicted testimony showed that the contractor became insolvent in December, 1932. However, assuming that the statute of limitation as respects the plaintiff's right to sue the county did not begin to run until the plaintiff's account with Copeland-Wey Incorporated became due, which was not later than July, 1932, the plaintiff's suit, which was not filed until January 16, 1934, was barred because not brought within a year after the right of action accrued. Consequently the action brought in January, 1934, is barred. Code, § 23-1602; *Griffin Realty Co.* v. *Chatham County*, 47 *Ga. App.* 545 (171 S. E. 237). See also *Board of Education* v. *United Supply Co.*, 34 *Ga. App.* 581 (2) (131 S. E. 292); *Sinclair Refining Co.* v. *Colquitt County*, 42 *Ga. App.* 718 (3) (157 S. E. 358).

■ It is contended that the contract between the plaintiff and the contractor was so modified, on November 4, 1932, as to make the plaintiff's account payable when the contractor completed all its projects in Jasper County and when the same were accepted and final estimates paid to the contractor, and that the evidence showed the suit was brought within a year from the time when the account became due. This contention can not prevail, because no consideration was received by the plaintiff for the agreement made after the due date of the account which was then past due. Consequently when the contractor became insolvent in December, 1932, the plaintiff could then have brought suit, notwithstanding its gratuitous agreement not to sue before the projects were completed. *Bowdon Oil Co.* v. *Bank of Bowdon*, 32 *Ga. App.* 206 (122 S. E. 723); *Millsaps* v. *Hayes*, 38 *Ga. App.* 483 (144 S. E. 326); *Brooks* v. *Jackins*, 38 *Ga. App.* 57 (142 S. E. 574); *Manry* v. *Phœnix Mutual Life Ins. Co.*, 42 *Ga. App.* 24 (155 S. E. 43); *Barrow County Cotton Mills* v. *Powell*, 45 *Ga. App.* 823 (165 S. E. 882); *Holliday* v. *Poole*, 77 *Ga.* 159 (2); *Tatum* v. *Morgan*, 108 *Ga.* 336 (33 S. E. 940); Code, § 20-115.

■ In counts 6 and 7 of the petition the liability of the county is based on the theory that the contractor which failed to give bond acted as the agent of the county in buying the materials, and

that the county, in accepting and using the materials in the construction of the road, ratified their purchase and became liable for the purchase-price. Without adjudicating whether the remedy under the act of 1916 is exclusive or not, the right to sue on the alleged agency was complete before the date of the agreement by the plaintiff to wait for payment until the completion of the projects. The limitation had begun to run, and its running was not suspended or interrupted on November 4, 1932. The evidence showed that the ratification by using the material on the road occurred not later than June, 1932. Consequently, under this presentation of the case, the claim is barred by the statutory limitation. Code, § 23-1602. It follows that the court did not err in directing a verdict for the defendants.

*Judgment affirmed.* *Sutton and Guerry, JJ., concur.* *Jenkins, P. J., disqualified.*