### 26292. MONK v. GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED NOVEMBER 5, 1937.

664

*Robert S. Sams, Ray Williams,* for plaintiff.

*Harry S. McCowen,* for defendant.

SUTTON, J. This was a suit by S. S. Monk against the General Motors Acceptance Corporation for the difference between the alleged value of an automobile and the balance due therefor under a retention-of-title contract, on account of the alleged wrongful seizure and sale of such automobile by the defendant. The evidence showed that the original contract was amended and extended on January 29, 1935, by a written extension agreement changing the amounts and dates of the instalment payments, and providing for payment of the balance due on the original contract at the rate of $26.39 for four months, $37 for seven months, and a final payment of $37.01, the payments to begin on February 15, 1935, and said agreement provided that the original contract remained in full force and effect except as modified by this extension agreement. The contract provided that "in the event purchaser defaults on any payment due on this contract . . the full amount shall be immediately due and payable; the seller's acceptance, after the full amount may have become immediately due and payable as hereinbefore provided, of any instalment or payment shall not be deemed to alter or affect the purchaser's obligations and/or the seller's rights hereunder with respect to subsequent payments or default therein." The plaintiff testified that an agent of the defendant company agreed to postpone the March, 1935, payment until thirty days after the last instalment note was due. The plaintiff testified that he did not pay or agree to pay anything for the thirty-day extension. Under this arrangement, assuming for the sake of argument that it was valid and enforceable, the March 15, 1935, instalment was due April 15, 1935. It was paid April 22, 1935, and the next payments were made on May 28, June 25, and July 22, covering monthly instalments due on the 15th of each month. On August 13, 1935, the defendant, after demanding payment, repossessed the car, sold it, and tendered plaintiff a check for the difference between the amount the car brought and the amount of the debt plus the expenses of sale.

The plaintiff contends that there was such a departure from the terms of the contract as would entitle him to reasonable notice of

intention to return to its terms before the exercise of the right of repossession and private or public sale was resorted to. Considering, as we have stated, that the agreement to depart from the terms of the contract was valid and binding, making the first payment thereunder due April 15, 1935, upon default in the payment thereof the full amount called for by the contract became due and payable under its terms without any notice to plaintiff or any affirmative act of the defendant. In these circumstances the mere extension of time of payments, or mere indulgences, would not affect the rights of the defendant to enforce the contract at any time unless a consideration was paid for such extension or indulgence. *Millsaps* v. *Hayes*, 38 *Ga. App.* 483 (144 S. E. 326) ; *Tallent* v. *Scarratt*, 51 *Ga. App.* 577 (181 S. E. 141) ; *Standard Oil Co.* v. *Jasper County*, 53 *Ga. App.* 804 (187 S. E. 306) ; *Tatum* v. *Morgan*, 108 *Ga.* 336 (33 S. E. 940). Besides, the July 15, 1935, instalment was due and unpaid when the car was seized on August 13, 1935. Since the whole debt had become due before the first delayed payment was made, both under the contract and the above authorities the acceptance of the past-due payments was a matter of mere indulgence for which no consideration was paid, and did not preclude the defendant from action on the contract at any time after the whole debt became automatically due, in the absence of the payment of the debt in full. There was no error in the direction of the verdict for the defendant.

The authorities cited by the plaintiff in error have been carefully considered, but under the facts of this case they do not require a holding different from the one we have made.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*