32062. HACKMAN *et al. v.* FULTON COUNTY.

Decided July 16, 1948.

*William F. Lozier, Cleburne E. Gregory Jr.,* for plaintiff.
*W. S. Northcutt, E. A. Wright, Durwood Pye,* for defendant.

Parker, J. The plaintiffs sued Fulton County for $280 making substantially the following allegations: that the defendant made a lease to the Greater Atlanta Moonlight Opera Company for the use of an amphitheater in North Fulton Park for a period of 10 years, upon terms and conditions therein set forth, one provision being that the rental for the first 5-year period would be paid by the making of certain permanent improvements to the amphitheater at the lessee's expense, costing not less than $40,000, which improvements included the enlargement of the stage and the putting in of a proscenium, and were to be approved in writing by county authorities; that in making said improvements the opera company employed the plaintiffs to sand and seal the wooden stage floor in said amphitheater for an agreed price of $280; that the plaintiffs completed said contract with the opera company on June 17, 1947; that said services rendered by the plaintiffs constituted a portion of the permanent improvements required of the opera company under its lease with the defendant; that the plaintiffs have made demand on the opera company for the payment of the $280 to the plaintiffs, but same has not been paid, and the plaintiffs have been unable to collect said $280 from the opera company, and have suffered a loss to the

extent of $280; that the lease between the opera company and the defendant constituted a contract for the doing of public work, and that the defendant did not take from the opera company the bond required by the Code, § 23-1705; that the claim of the plaintiffs has been presented to the defendant within 12 months after it accrued, and by reason of the facts alleged the defendant is indebted to the plaintiffs in the amount of $280; and that the defendant is liable to the plaintiffs under the provisions of the Code, § 23-1706, on which they base their right of action.

The defendant demurred generally on the ground that the petition set out no cause of action against the defendant, and failed to show that Fulton County was indebted to the plaintiffs in any amount, and failed to show that there was any obligation upon Fulton County to take the bond referred to in the petition, and demurred specially to certain paragraphs of the petition. The plaintiffs amended by enlarging upon their allegations as to the character and necessity of the work done by them, and by alleging that it was accepted by the opera company and by Fulton County, and that the county had waived certain stipulations in the lease requiring its approval in writing of the manner in which the work was done. The renewed demurrers of the defendant were sustained and the petition dismissed. The plaintiffs excepted.

The Code, § 23-1705, provides that no contract with the State, a county, municipal corporation, or other public board or body thereof, for the doing of any public work, shall be valid for any purpose, unless the contractor shall give bond. as therein provided. The bond required by this section is for the use of two classes of persons: first, the State, county or municipality, and second, "all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract." *Southern Surety Co.* v. *Dawes*, 161 *Ga.* 207, 212 (130 S. E. 577). The Code, § 23-1706, provides that if such bond shall not be taken in the manner and form required, the corporation or body for which work is done under the contract shall be liable to all persons furnishing labor, skill, tools, machinery or materials to the contractor thereunder, for any loss resulting to them from such failure. The plaintiffs contend that under these provisions

of law the defendant is liable for not having taken the bond required of contractors from the opera company for the making of the improvements on the amphitheater; and they base their cause of action squarely on these sections of the Code.

The defendant contends that these sections are not applicable under the facts of this case, that the leasing of the amphitheater to the opera company, and the making of permanent improvements by the opera company in payment of a part of the rent, is not a contract for the doing of public work within the meaning of the law relied on by the plaintiffs. The defendant contends further that its lease to the opera company, dated March 31, 1947, was made under the act approved March 26, 1947 (Ga. L. 1947, page 685), authorizing certain counties (including Fulton) to lease or rent any amphitheater, etc., as therein stated, upon such terms and conditions as such county shall deem proper. This act does not require the giving of a bond by the lessee of an amphitheater, unless the county authorities so determine, and no penalty or liability is imposed upon a county under this act for failing to require a bond. The lease here involved, however, does provide for a bond by the lessee for the protection of persons furnishing labor or materials in the furtherance of the lessee's operations upon the premises.

It is not necessary for this court to decide whether the work done by the opera company, in making improvements to the amphitheater, was public work within the purview of the statutes relied on by the plaintiffs, and we do not decide that question. If the making of such improvements be regarded as public work, and the failure of the county to require a bond of the opera company subjected it to liability as provided in the Code, § 23-1706, the petition of the plaintiffs still failed to set out a cause of action. Before a person can recover from a county for work or labor furnished to a contractor, who is engaged in doing public work for such county, he must show that the loss sued for resulted from a failure of the county to take from the contractor the bond required by law. The petition in this case, which must be construed most strongly against the plaintiffs on demurrer, does not show this necessary fact. It alleges merely that the plaintiffs "have made demand" on the opera company for the payment of the $280 owed to the plaintiffs, but "same has not

been paid," and that plaintiffs "have been unable to collect said $280" from the opera company, and "have suffered a loss to the extent of $280." These allegations show only a demand upon, and a failure to pay, by the opera company. They are made in paragraphs 11 and 12 of the petition. Paragraph 14 then alleges "by reason of the foregoing facts, defendant is indebted to plaintiffs in the amount of $280." The defendant demurred to the petition as a whole, and specially to paragraph 14 upon the ground that it was a conclusion unsupported by any allegations or facts. The petition does not allege that the opera company is insolvent, or that it is out of business, or that its officers have absconded, or that any suit or other proceeding had been filed against it in an effort to collect the money. The demurrer to the allegations that a loss had been sustained because of the failure of the county to take the bond as mere conclusions of the pleader unsupported by any properly alleged facts was properly sustained. See *West Green School District* v. *Peoples Planing Mill Co.*, 42 *Ga. App.* 677 (157 S. E. 343), and *Eatonton Oil & Auto Co.* v. *Green County*, 181 *Ga.* 47, 51 (181 S. E. 758).

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*