## 40583. ELECTRICAL EQUIPMENT COMPANY
## v. DANIEL.

DECIDED MARCH 17, 1964—REHEARING DENIED MARCH 31, 1964.

*R. F. Duncan,* for plaintiff in error.

*Herbert Edmondson,* contra.

JORDAN, Judge. *Code Ann.* § 23-1705 requires contractors entering into contracts with a "public board or body" of a county to give a performance bond and a payment bond "for the use and protection of all subcontractors and all persons supplying labor, materials, machinery and equipment in the prosecution of the work provided for in said contract." When such required bonds are given by the general contractor (the premium cost of said bonds being passed on to said public body or agency) *Code*

*Ann.* § 23-1708 provides the manner in which persons entitled to such protection may proceed.

While *Code Ann.* § 23-1705 conditions the validity of the contract upon the giving of the required bonds, *Code Ann.* § 23-1706 clearly provides liability for loss resulting from such failure of the public body to take a payment bond by providing: "If such payment bond, together with affidavit when necessary, shall not be taken in manner and form as herein required, the corporation or body for which work is done under the contract, shall be liable to all subcontractors and to all persons furnishing labor, skill, tools, machinery or materials to the contractor or subcontractor thereunder, for any loss resulting to them from such failure."

As aptly stated by the trial court in its order sustaining the general demurrer, "if the public body chooses to reduce its cost by omitting bond, its liability to a materialman under the statute seems clear." The statutes clearly place the burden upon the contracting public body to see that such bonds are given, or else suffer the penalty of liability for "loss resulting . . . from such failure."

However, as pointed out by this court in *Hackman v. Fulton County,* 77 Ga. App. 410 (48 SE2d 706), before a person can recover from the county or public body for labor or materials furnished to such contractor or subcontractor doing work for such agency, he must show that the loss sued for resulted from the failure of the county or body to take from the contractor the bond required by law. In that case, a petition merely alleging a demand upon and refusal to pay by the contractor was insufficient to show loss resulting from such failure to take the required payment bond and was therefore dismissed on general demurrer.

The trial court did not err in sustaining the general demurrer of the defendant in this case, the county school district having failed to require the defendant to give a payment bond as required by statute.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*