40635. BREMEN PRODUCTS COMPANY v.
LEDBETTER-JOHNSON COMPANY et al.

DECIDED APRIL 15, 1964.

*Oscar W. Roberts, Jr.,* for plaintiff in error.

*David H. Tisinger, Robert D. Tisinger, Aubrey W. Gilbert,* contra.

HALL, Judge. The plaintiff's cause of action against Carroll County must arise from the statute requiring a payment bond of all contractors for public works payable to the governmental unit for which public work is done "for the use and protection of all subcontractors and all persons supplying labor, materials," etc. This statute provides that, if the contractor does not give the bond, the contract shall not "be valid for any purpose." It provides further, "If such payment bond . . . shall not be taken in manner and form as herein required, the corporation or body for which work is done under contract, shall be liable to all subcontractors and to all persons furnishing labor, skill, tools,

574

machinery or materials to the contractor or subcontractor thereunder, for any loss resulting to them from such failure." *Code Ann.* §§ 23-1705, 23-1706.

In an action to recover from a county for materials furnished to a subcontractor, while engaged in doing public work for the county, the petition must show that the loss sued for resulted from a failure of the county to take from the contractor the bond required by *Code Ann.* § 23-1706. *Hackman v. Fulton County,* 77 Ga. App. 410 (48 SE2d 706); cf. *Electrical Equipment Co. v. Daniel,* 109 Ga. App. 463.

The only question before this court is whether the plaintiff's petition states a cause of action against Carroll County. There being no allegation in the petition that the county failed to take from the contractor the bond required by law, the petition did not state a cause of action against Carroll County. *Hackman v. Fulton County,* 77 Ga. App. 410, supra. While no question concerning the intervention is here for review, the law appears to be that when a petition is dismissed on general demurrer, an intervention follows the fate of the original petition. *Mayor &c. of Carrollton v. Chambers,* 215 Ga. 193, 194 (109 SE2d 755); cf. *Cox v. Zucker,* 214 Ga. 44 (102 SE2d 580).

The judgment of the trial court sustaining the general demurrer to the petition as to Carroll County is affirmed.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*