## 32495. TURNER COUNTY BOARD OF EDUCATION v. PASCOE STEEL CORPORATION.

UNDERCOFLER, Presiding Justice.

We granted certiorari to consider whether the Court of Appeals opinion in *Pascoe Steel Corp. v. Turner County Bd. of Ed.*, 142 Ga. App. 88 (235 SE2d 554) (1977), is in conflict with *Hackman v. Fulton County*, 77 Ga. App. 410 (48 SE2d 706) (1948). The trial court had directed a verdict against Pascoe Steel Corporation after the presentation of its case, but the Court of Appeals reversed holding that Pascoe had proved every element necessary to recover against the board of education. We reverse the Court of Appeals and affirm the direction of the verdict by the trial court.

1. Code Ann. § 23-1705 requires that contractors doing public works contracts acquire bonds, in favor of the state, guaranteeing performance and payment. "If such payment bond . . . shall not be taken in manner and form as herein required, the [public] corporation or body for which work is done under the contract shall be liable to all sub-contractors . . . *for any loss resulting to them from such failure*." Code Ann. § 23-1706. (Emphasis supplied.) In *Hackman v. Fulton County,* supra, the Court of Appeals sustained a general demurrer against the petitioner, who failed to allege that a loss had been suffered because the county had not required a bond. Thus, this element is clearly essential to Pascoe's cause of action to recover against the board of education.

Pascoe argues that *Hackman,* supra, is no longer viable because it involves a demurrer under practice prior to the CPA. It overlooks, however, that, although the CPA requires only notice pleading, the plaintiff must still prove every element of its case at trial. If it fails to do so, a directed verdict may be rendered by the trial court.

In its opinion the Court of Appeals states: "The parties are in agreement that Pascoe sold material to be used in the performance of a public contract; that the board of education, a public board, accepted these materials; that payment has never been made to the supplier; that no bond was ever taken by the public board; and that the supplier has made demand for payment. *This is all that Code Ann. §§ 23-1705, 23-1706 require.*" 142 Ga. App. p. 90. (Emphasis supplied.) The emphasized statement is in error. As is clear from the statute itself and *Hackman,* supra, Pascoe must also prove as part of its prima facie case that it had not been able to collect the money from the contractor[1] and thus that its loss occurred because of the contractor's failure to take the bond. Since Pascoe failed to prove this element of its case, the trial court properly directed a verdict against it. *Bremen Products Co. v. Ledbetter-Johnson Co.,* 109 Ga. App. 573 (136 SE2d 404) (1964); *Electrical Equipment Co. v. Daniel,* 109 Ga. App. 463 (136 SE2d 491) (1963). The judgment of the Court of Appeals must be reversed.

2. The Court of Appeals' judgment in Division 1, insofar as it holds that the procedures for appeal from the denial of summary judgment were not followed under *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753) (1976), is vacated. *Stallings v. Chance,* 239 Ga. 567 (1977).

*Judgment reversed in part, vacated in part. All the Justices concur, except Jordan, J., who dissents. Marshall, J., disqualified.*

ARGUED SEPTEMBER 12, 1977 — DECIDED OCTOBER 20, 1977 — REHEARING DENIED NOVEMBER 1, 1977.

---

[1] The plaintiff did not show that the general contractor "is insolvent, or that it is out of business, or that its officers have absconded, or that any suit or other proceeding had been filed against it in an effort to collect the money." *Hackman v. Fulton County,* supra, p. 413.

*Reinhardt, Whitley & Sims, Ralph F. Simpson, Hugh Wilson,* for appellant.

*Ronald M. Mack,* for appellee.

JORDAN, Justice, dissenting.

I respectfully dissent for two reasons:

(1) I agree with the opinion of the Court of Appeals written by Judge Marshall, now Justice Marshall.

(2) Justice demands that result.