## 58468. FOREST MANAGERS, INC. v. WILKES COUNTY et al.

SHULMAN, Judge.

Plaintiff-appellee Wilkes County brought suit upon a contract between first defendant-appellee, Houpt & Associates, Inc. (hereinafter "Houpt") and Wilkes County, and a subcontract thereunder between Houpt and appellant (second defendant-Forest Managers, Inc.) to recover maps of land classification and data sheets collected by defendants for the use of Wilkes County in preparation of its tax digest.

Defendant-Forest Managers filed a counterclaim against plaintiff alleging that inasmuch as the county's failure to obtain a performance bond from Houpt (pursuant to Code Ann. § 23-1705 (2)) resulted in its loss of earnings (Houpt being unable to pay), plaintiff, in accordance with Code Ann. § 23-1706, was liable for Forest Managers' loss.

On appeal from the directed verdict granted appellee-Wilkes County on defendant-Forest Managers' counterclaim, we reverse.

1. "Code Ann. § 23-1705 requires that contractors doing public works contracts acquire bonds, in favor of the state, guaranteeing performance and payment. 'If such payment bond . . . shall not be taken in manner and form as herein required, the (public) corporation or body for which work is done under the contract shall be liable to all subcontractors . . . *for any loss resulting to them from such failure.*' Code Ann. § 23-1706." *Turner County Bd. of Ed. v. Pascoe Steel Corp.,* 240 Ga. 88 (239 SE2d 517).

However, in order for the subcontractor to recover against the public body, it is incumbent upon the subcontractor to establish a "prima facie case that it had not been able to collect the money from the contractor and thus that its loss occurred because of the contractor's failure to take the bond." Id., p. 89.

Appellee-Wilkes County contends that appellant's failure to show that the general contractor "[was] insolvent, or . . . out of business, or that its officers [had] absconded, or that any suit or other proceeding had been filed against it in an effort to collect the money" (*Hackman v. Fulton County,* 77 Ga. App. 410, 413 (48 SE2d 706)), mandated the directed verdict in its favor. We cannot agree.

Contrary to appellee-Wilkes County's contentions, appellant did set forth evidence of Houpt's insolvency so as to authorize its recovery against appellee-Wilkes County. Houpt himself testified that his corporation was unable to pay its current debts. More specifically, he admitted that the corporation could not pay at the present time, nor could it have paid "lately," what was allegedly owed appellant on its contract.

Corporate insolvency is defined generally under the Code as the "inability of a corporation to pay its debts as they become due in the usual course of its business . . ." Code Ann. § 22-102 (p). See also *Sinclair Refining Co. v. Colquitt County,* 42 Ga. App. 718 (3) (157 SE 358). Thus, since Houpt's own testimony admitting his corporation's inability to pay its debts was some evidence that it had been unable to collect from appellant-Houpt, the court erred in directing a verdict in favor of appellee-Wilkes County. Compare *Turner,* supra. However, since the evidence conflicted on the material question of whether or

not Forest Managers had completed the work contracted for, the court did not err in refusing to direct a verdict in favor of appellant. See generally *Pennington v. Wynne,* 149 Ga. App. 151 (1) (253 SE2d 830).

2. Appellee-Wilkes County, citing *Booker v. Mayor &c. of Milledgeville,* 40 Ga. App. 540 (150 SE 652), argues that since Houpt's contract with the county was for the provision of professional services, a bond for the protection of Houpt's subcontractors was unnecessary. We find no merit in appellee-Wilkes County's contention that appellee-Houpt-corporation was not within the class of contractors required to post bond under Code Ann. § 23-1705.

Since *Booker* is concerned with an employment contract and not a contract between a public body and a general contractor, as contemplated by Code Ann. § 23-1705, it is inapplicable to the case at bar.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

Submitted September 5, 1979 — Decided November 14, 1979 — Rehearing denied December 3, 1979 —

*Albert H. Dallas, Samuel A. Fowler, Jr.,* for appellant.

*Walton Hardin, Wilbur Orr,* for appellees.