A90A0582. KELLY ENERGY SYSTEMS, INC. v. BOARD OF COMMISSIONERS OF CLARKE COUNTY.
A90A0583. BOARD OF COMMISSIONERS OF CLARKE COUNTY v. LOEB.
(396 SE2d 498)

COOPER, Judge.

In April 1986, King Roofing Company ("King") entered into a contract with the Clarke County Board of Commissioners to replace the roof on the Clarke County Correctional Institution. It is undisputed that Clarke County did not require King to post a payment bond as required by OCGA § 13-10-1 (b) (2) for all public works contracts. Appellant, Kelly Energy Systems, supplied the roofing materials to King for a price in excess of $16,000. King began work on the project and in July 1986, when the roof was only 20 percent complete, King received a partial payment from Clarke County, representing 40 percent of the contract price. Although the terms of its agreement with Kelly were net 30 days, King did not make any payments to Kelly; however, in a letter dated November 11, 1986, and received by Kelly on November 17, 1986, King apologized for the delay in payment, explained that the business was having cash flow problems, promised to pay their account and requested that Kelly continue to be patient. King continued to work on the roof until approximately February 25, 1987, at which time it abandoned the job and filed a petition in bankruptcy shortly thereafter. Kelly first learned that King was no longer working on the roof when it received notice of King's bankruptcy on March 9, 1987. At the request of the county, Kelly found another contractor to complete the roof and over the next several months made several inspections of the roof. In February 1988, Kelly made a written demand on the county for payment due by King for materials. When the county refused to pay, Kelly sued the county, asserting liability pursuant to OCGA § 36-82-102, which provides that the governing body for which the work is done shall be liable to all materialmen for any loss resulting from the failure to require a payment bond. On motion of the county, King was added as a party-plaintiff.

The trial court granted partial summary judgment to Kelly finding that Clarke County had a duty to require King to procure a payment bond which was not procured and that Kelly had a right to sue Clarke County for materials furnished to King because of the county's

failure to require the payment bond. However, the trial court found that questions of fact existed as to the amount of Kelly's loss and whether or not Kelly complied with the ante litem notice requirements of OCGA § 36-11-1. The case proceeded to trial, during which the trial court directed a verdict in favor of the county on the ground that Kelly had not given notice to the county within 12 months after the claim accrued pursuant to OCGA § 36-11-1. A jury verdict was returned in favor of King in the amount of $7,302.53. In Case No. A90A0582 Kelly appeals the grant of directed verdict to Clarke County and in Case No. A90A0583, Clarke County appeals the trial court's grant of King's motion in limine excluding evidence of a payment made by the county to King.

1. In directing a verdict in favor of Clarke County, the trial court ruled that Kelly's claim against the county accrued on November 17, 1986, the day Kelly received notification about King's cash flow problems. Kelly argues that its receipt of the letter did not put it in an adversarial relationship with the county and did not put Kelly on notice that it should look to the county for payment. In *Standard Oil Co. of N.J. v. Jasper County*, 53 Ga. App. 804 (1) (187 SE 307) (1936), a materialman sold gasoline to a construction company to be used in the construction of a highway for the county. The construction company did not procure a payment bond, became insolvent and ceased working on the project before it was completed. The materialman filed a suit against the county more than 12 months after the contractor became insolvent. This court, noting that *Decatur County v. Southern Clay Mfg. Co.*, 34 Ga. App. 305 (129 SE 290) (1925) held that a materialman could bring suit against the county before the completion of the work, if the contractor was then insolvent, held that the materialman's claim against the county was barred because it was not filed within 12 months of the insolvency of the contractor, i.e., the accrual of the claim. Thus, while *Decatur County*, a case which did not involve the ante litem notice limitations, expanded the time within which a materialman could sue the county, *Standard Oil* contracted the time within which suit could be brought. The trial court reasoned, based on *Forest Managers v. Wilkes County*, 152 Ga. App. 639 (263 SE2d 478) (1979), where we noted that insolvency is defined generally as the inability of a corporation to pay its debts as they become due in the usual course of business, that King was insolvent on November 17, 1986. See also OCGA § 14-2-1201 (a) (1). We disagree and reverse. As of November 17, 1986, it was apparent only that King was having cash flow problems and was unable to pay its account with Kelly on a timely basis. There was no indication about the state of King's accounts with other creditors. The trial transcript reflects that at the time the November 1986 letter was written, King was not contemplating bankruptcy and had every intention of paying

its debts. Furthermore, for three months after the letter was written, King continued to work on the roof even though the county had only paid it forty percent of the contract price. There is also evidence that if the county had paid King pursuant to the contract, King would have paid its materialmen, including Kelly. Inasmuch as there was some evidence that King was not insolvent on November 17, 1986, we reverse the trial court's grant of a directed verdict in favor of Clarke County.

2. Appellant's argument that it was not required to comply with the mandate of OCGA § 36-11-1 because its claim is derived from OCGA 36-82-102 is without merit. See *Standard Oil Co. v. Jasper County*, supra.

3. In Case No. A90A0583, Clarke County contends that the trial court erred in granting King's motion in limine to exclude evidence of a check in the amount of $5,193.49, which the county contends was the second payment it made to King. Clarke County admitted in response to request for admissions that only one payment was made to King in the amount of $19,008.53. During opening statements, Clarke County's attorney mentioned a second payment made to King in the amount of $5,193.49. King made a motion in limine to exclude any evidence related to an alleged second payment because of the county's earlier admission that only one payment was made, and the county's attorney then made a motion to withdraw the admission, arguing that the merits of the case would be subserved by allowing the county to introduce the evidence and that King would not be prejudiced by the admission of the evidence. The trial court, after hearing evidence, found that there was a genuine dispute as to whether the check was ever received by King; that the county admitted in response to King's request for admissions that the only payment to King was in the amount of $19,008.53; and that the county's failure to bring the check to the attention of either the court or King prior to trial would manifestly prejudice appellee's case. It is within the trial judge's discretion to not allow admissions to be withdrawn after the statutory time for answering has passed, " ' "and his decision will not be interfered with unless it clearly appears that this discretion has been abused." ' " *Battle v. Strother*, 171 Ga. App. 418 (3) (319 SE2d 887) (1984). Furthermore, "[a]dmissibility of evidence rests in the trial court's sound discretion." [Cit.] *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573 (2) (377 SE2d 15) (1988). We find no abuse of discretion in the trial court's denial of the motion to withdraw the admission or the exclusion of the evidence.

*Judgment reversed in Case No. A90A0582. Judgment affirmed in Case No. A90A0583. Banke, P. J., and Birdsong, J., concur.*

Decided June 27, 1990 —
Rehearing denied July 25, 1990 — Cert. applied for.

*Cook, Noell, Tolley & Aldridge, Ernest V. Harris,* for Kelly.
*Nicholson & McArthur, John Jay McArthur,* for Board.
*Gershon, Olim, Katz & Loeb, William R. Lester,* for Loeb.