47237. McGRUDER v. GEORGIA POWER COMPANY.

HALL, Presiding Judge. Plaintiff in a wrongful death action appeals from the grant of summary judgment for the defendant.

Plaintiff's ten-year-old son was swimming in the pool of water below defendant's dam and power plant on Lake Jackson. He was trapped and drowned inside a drainage pipe which runs from this pool to a lower-lying pool about 20 feet away. Plantiff alleged several theories of liability in her petition: maintenance of a mantrap, attractive nuisance, failure to screen the pipe opening and failure to warn of the dangerous condition. In passing on the motions, the court had the benefit of defendant's answers to interrogatories and an affidavit from the plant superintendent identifying photographs of the area and stating that no admission fee was charged this boy.

1. Whatever liability the defendant may have for this occurrence is clearly governed by *Code Ann.* §§ 105-403 through 105-409, a statute specifically enacted "to encourage owners of land to make land and water areas available to the public for recreational purposes by limit-

ing their liability toward persons entering thereon for such purposes."

"Except as specifically recognized by or provided in section 105-408, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." *Code Ann.* § 105-405. Further, by either inviting or permitting recreational use, an owner does not "extend any assurance that the premises are safe for any purpose" or "confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed." *Code Ann.* § 105-406 (a) and (b). There are only two exceptions to this very broad limitation of liability. One is when the owner charges an admission fee—which has no application here. The other is "for wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." *Code Ann.* § 105-408 (a).

There is a seeming contradiction between the section which states that the owner has no duty to keep the premises safe or to warn of a dangerous condition and that section imposing liability for a "wilful or malicious" failure to guard or warn. "Malicious," of course, gives no problem. Even if the statute had failed to except malicious intent, it would have to be read in as a matter of public policy; but nothing in this record so much as suggests malice. However, "wilful" is used in the alternative, following the disjunctive "or." What, then, is a wilful failure and how does it differ from those omissions which section 405 sanctions?

"A 'wilful failure' imports a conscious, knowing, voluntary, intentional failure, a purpose or willingness to make the omission, rather than a mere inadvertent, accidental, involuntary, inattentive, inert, or passive omission." *Carpenter v. Forshee,* 103 Ga. App. 758, 773 (120 SE2d 786). In the context of the whole statute, it would seem that a wilful failure to guard or warn would require ac-

tual knowledge of the owner that its property is being used for recreational purposes; that a condition exists involving an unreasonable risk of death or serious bodily harm; that the condition is not apparent to those using the property; and that having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences. This test excludes either constructive knowledge or a duty to inspect. We believe this to be the intent of sections 405 and 408 read together.

The undisputed (though meager) facts here show that the defendant knew that both adults and children swam and fished in the pool below the dam; that it made no attempt to prevent this activity; that it knew that water rushes through the pipe with great force and pressure at certain times creating a vacuum effect; that there was no sign immediately by the opening of the pipe specifically warning of this danger and no guard or screen over the opening. There were, however, two signs on the face of the dam and plant building which read, "Danger—For Your Own Safety—Please Keep Out—Rough Waters— Gates of Dam Operate Automatically."

We cannot say as a matter of law that these signs constituted a reasonable warning against the alleged dangerous condition in question (the pipe) and the attendant risk. We believe a jury must decide whether these facts (and others which will undoubtedly be developed upon trial) show all the elements required by the test outlined above; and if they do, whether the signs were a sufficient warning.

2. As held above, the duty owed by this defendant is governed by *Code Ann.* §§ 105-403 through 105-409, and the purpose of this statute is to limit liability. *Code Ann.* § 105-403. For this reason, plaintiff's contentions concerning her first two theories, as well as those on duties to invitees and licensees, are inapplicable here. The trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

ARGUED JUNE 5, 1972—DECIDED JUNE 14, 1972—
REHEARING DENIED JUNE 28, 1972—

*Benjamin B. Garland, Hall & Block, Benjamin M. Garland,* for appellant.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., W. Warren Plowden, Richard W. Watkins, Jr.,* for appellee.