*patrick & Storey, J. S. Kilpatrick, Bryan M. Storey,* for appellees.

### 46818. HOUSING AUTHORITY OF CITY OF DOUGLAS v. MARBUT COMPANY.

PANNELL, Judge. The question raised here on appeal from a judgment in favor of a materialman against the Housing Authority of the City of Douglas, is whether the Housing Authority is bound by the provisions of *Code* §§ 23-1705 and 23-1706, so as to be liable to materialmen for supplies furnished to a contractor who contracted with the Authority for the furnishing and installing of new sinks and water heaters in an existing building owned by the Authority where the contract price was in excess of $1,000 and the Authority failed to require or secure a payment bond from the contractor for the use of subcontractors and materialmen. *Held:*

1. *Code* § 23-1705, insofar as material here reads as follows: "No contract with this State, a county, municipal corporation, or any other public board or body thereof, for the doing of any public work shall be valid for any purpose, unless the contractor shall give: . . . (2) A payment bond with good and sufficient surety or sureties, payable to the State, county, municipal corporation, or public board or body thereof for which the work is to be done, and for the use and protection of all subcontractors and all persons supplying labor, materials, machinery, and equipment in the prosecution of the work provided for in said contract. The payment bond shall be in the amount of at least the total amount payable by the terms of the contract. (3) Provided, however, that this section shall not apply where the total contract price does not exceed $1,000." Ga L. 1910, p. 86; 1916, pp. 94, 95; 1956, p. 340. *Code* § 23-1706 reads in part as follows: "If such payment bond, together with affidavit when necessary, shall not

be taken in manner and form as herein required, the corporation or body for which work is done under the contract shall be liable to all sub-contractors and to all persons furnishing labor, skill, tools, machinery or materials to the contractor or sub-contractor, thereunder, for any loss resulting to them for such failure." Section 8 of the Housing Authority's law (Ga. L. 1937, pp. 210, 218; *Code Ann.* § 99-1115) provides: "An authority shall constitute a public body corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Act, . . ." The Housing Authority of the City of Douglas is a public body within the meaning of *Code* § 23-1705 (*Culbreth v. Southwest Ga. &c. Housing Authority,* 199 Ga. 183, 189 (33 SE2d 684); *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 691 (199 SE 43)) unless there is some other provision of law excepting it from the operation of this Code Section.

2. Appellant Housing Authority contends that the provisions of subparagraph (h) of Section 8 of the Act of 1937 (*Code Ann.* § 99-1115 (h)) that "[n]o provisions of law with respect to the acquisition, operation or disposition of property by other public bodies shall be applicable to an Authority unless the legislature shall specifically so state," prevents *Code* § 23-1705 from applying to the Housing Authority. While broadly speaking, the contract for supplying and installing plumbing facilities might be an acquisition of the facilities, we do not think this word, as used in Section 8 of the Act has such a broad meaning. Subsection (b) of this very Section discloses that it does not. This subsection enumerates some of the powers of the authority as "[w]ithin its area of operation: to prepare, carry out, acquire, lease and operate housing projects; to provide for the construction, reconstruction, improvement, alteration and repairs of any housing project or any part thereof." To "acquire" is treated in this subparagraph as something entirely different from the

construction, reconstruction, improvement, alteration or repair of an existing facility. We find no reason to hold that a different meaning is attributable when the word "acquisition" is used in subsection (h) of Section 8 of the Housing Authority law. The context requires none and we give it none, and accordingly hold that subsection (h) of the Housing Authority's law does not prevent the application of *Code* §§ 23-1705 and 23-1706 to Housing Authorities.

3. The trial judge did not err in overruling the motion to dismiss the complaint, and, upon the stipulation of facts entered into by the parties did not err in entering judgment against the Housing Authority for the sum sued for.

 *Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
 DECIDED OCTOBER 20, 1972.

*E. R. Smith, Jr.*, for appellant.

*H. J. Quincey, Martin, Snow, Grant & Napier, Cubbedge Snow,* for appellee.