## 27433. GEORGIA POWER COMPANY v. McGRUDER.

UNDERCOFLER, Justice. Willie Mae McGruder filed a complaint against the Georgia Power Company for the wrongful death of her ten-year-old son who drowned in a pool of water located below the defendant's dam and power plant on Lake Jackson. The boy was trapped inside a drainage pipe which runs from said pool to a lower-lying pool about 20 feet away. The complaint alleged several grounds of liability. The defendant's motion for summary judgment was granted by the trial court.

The Court of Appeals reversed the judgment of the trial court. It held that the claim was governed by an Act of the General Assembly of 1965 (Ga. L. 1965, p. 476) entitled "Liability of Owners of Recreational Areas." *Code Ann.* §§ 105-403 through 105-409. *McGruder v. Georgia Power Co.,* 126 Ga. App. 562 (191 SE2d 305). We granted certiorari to review this judgment. *Held:*

Section 1 of the Act of 1965 (Ga. L. 1965, p. 476) provides: "The purpose of this Act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." *Code Ann.* § 105-403.

Section 4 of the Act provides: "Except as specifically recognized by or provided in section 6 of this Act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby. . ." *Code Ann.* § 105-406.

The evidence presented upon the motion for summary judgment showed the defendant's employees did not know of the boy's presence but knew that in the past persons had been swimming and fishing in its waters. Photographs in evidence showed that there were located on the power plant and dam above the place where the boy drowned two large warning signs which read: "Danger. For your own safety please keep out. Rough waters. Gates at dam

operate automatically." The Act of 1965 (Ga. L. 1965, p. 476; *Code Ann.* § 105-403) limits the liability of an owner of land who "directly or indirectly invites or permits without charge any person to use such property for recreational purposes." In our opinion the statute is not applicable where, as here, the use of the land was expressly denied to the deceased boy by the posting of "keep out" signs in the area. Accordingly, the decision of the Court of Appeals is reversed and the case returned to that court for further consideration.

*Judgment reversed. All the Justices concur.*
ARGUED NOVEMBER 13, 1972—DECIDED DECEMBER 4, 1972.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., W. Warren Plowden,* for appellant.

*Benjamin B. Garland, Benjamin M. Garland,* for appellee.