74012. GEORGIA MARBLE COMPANY v. WARREN et al.
(360 SE2d 286)

BEASLEY, Judge.

We granted defendant Georgia Marble Company an interlocutory appeal from denial of its motion for summary judgment in a suit for damages for injuries and loss of consortium. The action arose when Roger Warren dived into a creek at Whitestone Park, an area which had been leased to Georgia Marble since 1959 and which the company for years had opened to public use for recreational purposes. Wilful and/or malicious failure to guard or warn of the dangerous condition in the creek, as well as negligence, was alleged.

The company argues that the trial court erroneously failed to apply, or erroneously applied, the Recreational Property Act (RPA), OCGA § 51-3-20 et seq., and thus deprived it of its statutory exclusion from liability as an "owner" (OCGA § 51-3-21 (3)) of land provided to the public for recreational purposes under the Act. It also argues that the court erroneously denied summary judgment under the traditional owner-occupier statute, OCGA § 51-3-1, as it maintains it had no duty to remedy a natural condition in the terrain.

The trial court's order is silent as to the rationale for denying summary judgment, i.e., application of the RPA, or OCGA § 51-3-1, or both. Consideration of the RPA is dispositive.

1. The parties do not dispute the applicability of the RPA. See *Cedeno v. Lockwood, Inc.*, 250 Ga. 799, 801 (2) (301 SE2d 265) (1983).

In order to recover under the RPA from Georgia Marble, which did not charge a fee, see OCGA § 51-3-23, plaintiffs must show a wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. OCGA § 51-3-25 (1).

We measure the plaintiffs' burden by the four-part test which was set out in *McGruder v. Ga. Power Co.*, 126 Ga. App. 562, 563 (1) (191 SE2d 305) (1972), rev'd on other grounds 229 Ga. 811 (194 SE2d 440) (1972). Although the test was turned into dicta by the Supreme Court's ruling that the RPA was not applicable in that case, it is sound and is adopted here. As in *McGruder*, there is no question of malice, so the question is whether Georgia Marble has excluded even every reasonable inference of *wilful failure* to guard or warn. "[A] wilful failure to guard or warn would require actual knowledge of the owner that its property is being used for recreational purposes; that a condition exists involving an unreasonable risk of death or serious bodily harm; that the condition is not apparent to those using the property; and that having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences. This test excludes either constructive knowledge or a duty to inspect."

Plaintiffs allege that the failure was in posting no signs at the park warning the public about diving or jumping into the stream from the adjacent rock formation, in failing to erect barriers to prevent or at least discourage such diving or jumping, and in failing to investigate the safety of swimming in, jumping into, and diving into the stream.

We construe the evidence most strongly against movant Georgia Marble and give respondent plaintiffs the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence. *Jacobsen v. Muller*, 181 Ga. App. 382, 384 (4) (352 SE2d 604) (1986). The record shows that Warren went to Whitestone Park in July 1982 to spend the afternoon. A mountain stream with natural rock formations beneath the surface of the water runs adjacent to the park and is part of the property leased by Georgia Marble. Warren was seriously injured when he dived head first off the topmost rock outcropping alongside the creek, approximately nine feet above the water line, and struck his head on a rock in the creek. Warren was familiar with the creek and with this particular "swimming hole." He had gone swimming in the creek at various times all during his life, gone diving in it, and knew it to be a typical mountain stream, rocky in places, which remained unchanged by Georgia Marble. He did not know what his head struck nor could he see any rocks in the water from the side of the stream.

As to the four factors, Georgia Marble concedes that it had actual knowledge that people used its property recreationally. In fact, it posted a sign indicating this to be its intent: "This Park is maintained

by the Whitestone Division of Georgia Marble Company for the people of this community. Please help us to keep it clean. Thank you. We take pride." However, the evidence negatives at least the third factor.

Photographs of the stream illustrate that even a first time visitor to the stream would perceive that the stream's bed was or at least was likely to be rocky. Even if we accept as conclusive (since it is disputed) the absence of a years-earlier sign, "Danger, Swim At Your Own Risk," it would not show that the rocky condition of the stream was not as apparent to those using it as to Georgia Marble. The rocky condition of the terrain in and about the stream was open and obvious. This was true even more so as to Warren, who was not a first time visitor nor a first time swimmer or diver into the stream. He knew as much as, if not more than, Georgia Marble did about that spot. Thus, the evidence is conclusive against Warren, who cannot show "that the condition is not apparent to those using the property." This differs significantly from the concealed and unnatural, inherently dangerous objects in *North v. Toco Hills, Inc.*, 160 Ga. App. 116 (286 SE2d 346) (1981).

The evidence on summary judgment, as a matter of law, shows an absence of wilful failure to guard or warn on the part of Georgia Marble. *McGruder v. Ga. Power Co.*, supra. It was thus protected from liability for Warren's injuries by the RPA and consequently it was entitled to summary judgment.

2. In light of the analysis in Division 1, traditional notions of liability to licensees under OCGA § 51-3-1 need not be reached.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 14, 1987 —<br>REHEARING DENIED JULY 30, 1987.

*John D. Jones, Margaret L. Milroy*, for appellant.
*Paul M. Hawkins, William H. Major III*, for appellees.