**Randy WILSON, and Leroy Wilson, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. TCA 88–40172–WS.**

United States District Court,
N.D. Florida,
Tallahassee Division.

April 5, 1991.

---

Donald A. Hinkle, Fonvielle & Hinkle, Robert L. Hinkle, Aurell, Radey, Hinkle & Thomas, Tallahassee, Fla., for plaintiffs.

Roy F. Blondeau, Jr., Asst. U.S. Atty., for U.S.

## ORDER

STAFFORD, Chief Judge.

This matter is before the court upon defendant's motion to dismiss or alternatively for summary judgment (document 28) pursuant to Rules 12(b) and 56, Federal Rules of Civil Procedure, respectively.

## I.  BACKGROUND

The plaintiffs are suing the United States under the Federal Tort Claims Act, Title 28, United States Code, section 1346(b), 2671, et seq., for the alleged negligence of the Department of the Army Corps of Engineers ("Corps").

The defendant, by and through the Corps, operates and maintains a swimming area for recreational purposes at Lake Seminole known as the "Chattahoochee Booster Club Swimming Area."  At all times material to this action, the defendant had possession and control of this site which is located in Georgia.

On June 8, 1987, the plaintiff, Randy Wilson, suffered serious injury and was rendered a quadriplegic after diving from the top of a pole-type piling in the lake. The pole was about six to seven-and-a-half feet in height, and stood in about two to three-and-a-half feet of water. The pole was one of several in the area which served to secure cables connected to buoys demarking the boundaries of the swimming area.

Randy was 16 years old when the accident occurred. He was a student at Shanks High School in Quincy, Florida. Randy knew how to swim although he had never received formal lessons. (Deposition of Randy Wilson at 31). He also had limited diving experience in high school. (Depo.R.W. at 31–33).

It is undisputed that Randy visited the swimming area on previous occasions and that on the day of the incident, had walked or swam for 30 minutes in the area of the pole just prior to his dive. (Depo.R.W. at 27–30). The water was shallow enough to walk out to the pole. *Id.* Randy dove only once from the pole, having managed to climb all the way to the top before diving. (Depo.R.W. at 29).

The plaintiffs filed this lawsuit alleging that the United States was negligent in the operation of the swimming area and that the area was unreasonably dangerous. The plaintiffs further allege that the defendant's failure to eliminate or reduce the danger, and to warn or instruct visitors of the alleged danger was the direct and proximate cause of Randy Wilson's injuries.

The United States has moved to dismiss this lawsuit for failure to state a claim for which relief can be granted or in the alternative, for summary judgment on the ground that Georgia's Recreational Property Act, Ga.Code Ann., sections 51–3–20 et seq., bars plaintiffs from recovering. The plaintiffs respond by asserting that the Georgia Act does not protect the United States if there was a willful failure to warn. *See* Document 43. The Georgia Act states in relevant part:

**51–3–20.  Purpose of article.**

The purpose of this article is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners liability toward persons entering thereon for recreational purposes.

**51–3–21  Definitions**

. . . . .

(2) "land" means land, ... water, water courses. . . .

. . . . .

(4) "Recreational Purpose" includes but is not limited to any of the following or any combination thereof ... swimming. . . .

**51–3–22  Duty of Owner of Land to Those Using Same for Recreation Generally**

Except as specifically recognized by or provided in code section 51–3–25, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous, condition, use, structure, or activity on the premises to persons entering for recreational purposes.

**51–3–23  Effect of Invitation or Permission to Use Land for Recreation**

Except as specifically recognized by or provided in Code Section 51–3–25, an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreational purposes does not thereby:

(1) extend any assurance that the premises are safe for any purpose;

(2) confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed; or

(3) assume responsibility for or incur a liability for any injury to persons or property caused by an act or omission of such persons.

**51–3–25  Certain Liability Not Limited**

Nothing in this article limits in any way any liability which otherwise exists;

(1) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity.

Additionally, the plaintiffs assert that the defendant's motions were untimely filed.

## II. DISCUSSION

### A. Timeliness of Defendant's Motion

■ The plaintiffs argue that since the defendant raised the defense of failure to state a claim for which relief can be granted in their answer, the current "motion" is untimely. The defense of failure to state a claim may be raised as late as "at the trial on the merits." Fed.R.Civ.P. 12(h)(2). While the rule does not allow the defense to be raised by motion after all pleadings have been served, the fact that the defendant timely raised the defense in its answer does not prevent it from subsequently renewing the issue, nor does the rule prevent a court, on its own initiative, from noting inadequacies in the complaint. 5A C. Wright, A. Miller, *Federal Practice and Procedure*, § 1357 at 301 n. 3 (1990).

■ Plaintiffs also argue that the alternative motion under Rule 56 is untimely filed as well. They point to this court's scheduling order of August 24, 1988 which provides in relevant part:

(5)(d) Motions for summary judgment shall be filed as promptly as possible, but, unless otherwise permitted by court order, not later than 20 days after the close of discovery.

While the defendant's motion was filed 26 days after the date on which discovery was scheduled to be closed, discovery was not closed on that date and, in fact, continued for months after the date the defendant filed its motion. In *Matia v. Carpet Transp., Inc.*, 888 F.2d 118, 119 (11th Cir. 1989), the Eleventh Circuit affirmed a district court's decision to rule on a motion for summary judgment filed more than 20 days (in fact four months) after discovery was scheduled to close. The district court stated that since discovery continued beyond scheduled date, and because consideration of the motion would be in the best interests of judicial economy, the motion would be considered. *Id.* Therefore, based on the above-mentioned rationale, the court will entertain the defendant's motion to dismiss or alternatively for summary judgment, over plaintiffs' objections.

### B. Motion to Dismiss

■ The amended complaint alleges that the defendant "was negligent in the maintenance and operation of the swimming area ...;" "was negligent in its failure to warn ...;" and "[a]s a direct and proximate result to the foregoing negligence of the Defendant ..." the plaintiff was injured. These allegations are insufficient to withstand a motion to dismiss for failure to state a claim, based on the requirements for finding liability under the Georgia Recreational Property Act. Ga.Code Ann. § 51-3-23. Under the Act, the defendant only has a duty not to "willfully or maliciously" fail to guard or warn of a dangerous condition, use, structure or activity. Ga.Code Ann. § 51-3-25. An allegation of negligence on the part of the defendant simply does not rise to the level of willful or malicious failure to warn.

Because matters outside the pleadings have been presented and accepted for consideration, this court must now treat the defendant's motion to dismiss as a motion for summary judgment. Fed.R.Civ.P. 12(b). However, even if the plaintiffs were allowed to amend their complaint to allege that the defendant willfully or maliciously failed to warn Randy Wilson of the danger of diving from the pole, the court finds that such an amendment would be to no avail. Under Georgia law and the undisputed facts of this case, the defendant cannot be found liable as a matter of law.

### C. Motion for Summary Judgment

■ A motion for summary judgment should only be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party, and is "material" if it might affect the outcome of the case. *See Anderson v. Liberty Lob-*

*by,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is *merely colorable,* or is *not significantly probative,* summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted) (emphasis added).

*Earley v. Champion Intern. Corp.,* 907 F.2d 1077, 1080–81 (11th Cir.1990). Of course, all inferences that can be drawn from the record must be viewed in the light most favorable to the non-moving party.

Under the Federal Tort Claims Act, the United States is liable for damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b), 2674; *Kleer v. United States,* 761 F.2d 1492, 1493 (11th Cir.1985). The parties do not dispute that the Georgia Recreational Property Act applies. The Act was designed to limit the liability of property owners who make their land and water areas available to the public for recreational purposes. Ga.Code Ann. § 51–3–20. Randy Wilson was not charged a fee to enter the park or swim area, (Depo.R.W. at 36), and he entered the land for recreational purposes.

■ In order to prevail under the Act, the plaintiffs must prove that the defendant's conduct constituted a willful or malicious failure to guard or warn Randy Wilson of a dangerous condition, use, structure or activity. A willful failure denotes a conscious act by the defendant and not an inadvertent or passive omission. *McGruder v. Georgia Power Co.,* 126 Ga.App. 562, 191 S.E.2d 305, 307, *rev'd on other grounds,* 229 Ga. 811, 194 S.E.2d 440 (1972). Under the Georgia Act, a plaintiff must establish the following four factors before a defendant may be liable for a willful failure to guard or warn:

■ actual knowledge of the owner that its property is being used for recreational purposes; [2] that a condition exists involving an unreasonable risk of death or serious bodily harm; [3] that the condition is not apparent to those using the property; [4] and that having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences. This test excludes either constructive knowledge or a duty to inspect.

*McGruder,* 191 S.E.2d at 307; *Georgia Marble Co. v. Warren,* 183 Ga.App. 866, 360 S.E.2d 286, 287 (1987) (applying *McGruder* and finding no liability under the Georgia Recreational Property Act where plaintiff was injured while diving onto subsurface rock in stream since dangerous condition was apparent and plaintiff was familiar with the area). In this case, the plaintiff cannot prove, based upon the evidence presented herein, the third factor—that the condition was not apparent to the user, Randy Wilson. Therefore, the first, second and fourth elements aspects of the *McGruder* test need not be addressed.

The parties dispute the exact depth of the water at the time of the accident in the area where Randy Wilson was injured. Randy has said that the water was chest deep. (Depo.R.W. at 25). He has testified that he is over five feet tall. (Depo.R.W. at 26). The defendant's expert testified that the depth was approximately 2.08 feet. (Affidavit of Gregory Wolfe). He measured the depth two years after the accident and used the Corps' depth charts to estimate the depth on the day of the accident. The plaintiffs argue this estimate is inaccurate. Based on the testimony of a Corps employee, they contend the water was deeper at the time of the accident and the lake has become shallower over the years due to shifting sands. (Deposition of N.P. Jenson). Because of the "shifting sands", the plaintiffs also dispute the defendant's measurement of the exact height of the poles.

Although the parties are in disagreement about these precise measurements, there is no dispute that the water was shallow, that the poles were tall and that Randy Wilson was aware of these facts. The plaintiff admits he was in the area for at least 30

minutes prior to climbing and diving from the pole. Furthermore, he admitted that the area around the pole was shallow enough to walk around. It is uncontested that Randy Wilson hit his head on the very lake bottom he had been walking on only moments earlier.

The plaintiffs direct this court to another Federal Tort Claims Act case, *Miller v. United States*, 442 F.Supp. 555 (N.D.Ill. 1976), *aff'd*, 597 F.2d 614 (7th Cir.1979), wherein the court found that the defendants "willfully" failed to place signs to warn of the danger of diving in shallow water. The plaintiffs' reliance on *Miller* is misplaced. First, while instructive, the court in *Miller* was applying Illinois law and not Georgia law. Second, in *Miller*, the dangerous condition at issue was "a hidden one of which plaintiff had no comprehension or awareness." *Id.* at 562. Finally, the plaintiff in that case "took reasonable precautions" and "exercised ordinary care for his own safety." *Id.*

Georgia courts have addressed the issue of willful failure to warn and have found that the failure to post a sign informing swimmers of potential danger is immaterial if the plaintiff is aware of the allegedly dangerous condition. *See Georgia Marble*, 360 S.E.2d at 288 (using the third factor in *McGruder*). The dangerous condition in *Georgia Marble* involved the rocky bottom of a mountain stream. While the plaintiff in that case did not see the subsurface rock upon which he struck his head after diving head first from an outcropping alongside the creek, the Georgia court found that the rocky condition of the bed was "open and obvious." *Id.* The plaintiff should have known the stream was rocky in places, especially since he was familiar with this particular swimming hole. *Id.*

The plaintiff in *Miller* was injured while diving from a pier into water of unknown depth at a lake in Illinois. *Miller*, 442 F.Supp. at 560. He had not yet entered the water around the pier and thought it looked deeper than it was. Furthermore, the plaintiff had never been swimming in that part of the lake. *Id.* at 559. In sharp contrast, Randy Wilson indicated he had been swimming and walking in the shallow water at Lake Seminole for 30 minutes before diving from a piling. He had been to the swimming area several times that summer prior to the date of the accident. (Depo.R.W. at 17). He was fully aware of the shallow water, the dangerous condition in this case, and yet still attempted to dive therein.

Nevertheless, the plaintiffs contend that the "risk of danger from shallow water diving" was not apparent to the user or the general public and that the knowledge of the diving hazard must be viewed from the perspective of a 16–year–old plaintiff with no formal swimming or diving experience. The court disagrees. A review of state court negligence cases reveals that in Georgia persons are expected to recognize the peril of diving into shallow water. *See, e.g., Sims v. Willoughby*, 179 Ga.App. 2, 345 S.E.2d 626, 627 (1986) (no liability where plaintiff knew he was diving into waist high water); *Murphy v. D'Youville Condo. Ass'n. Inc.*, 175 Ga.App. 156, 333 S.E.2d 1, 2 (1985) (no liability where diver was familiar with swimming pool and aware of depth); *accord Shuman v. Mashburn*, 137 Ga.App. 231, 223 S.E.2d 268, 270 (1976) (no liability where plaintiff knew he was diving from roof into a shallow pool); *Herring v. Hauck*, 118 Ga.App. 623, 165 S.E.2d 198, 199 (1968) (no liability where diver plunged from roof into small plastic pool).

Summary judgment was granted to the defendants in each of the negligence cases cited above because the plaintiffs had assumed the risk or failed to exercise ordinary care to avoid injury. A Georgia court has said:

> [w]here the undisputed evidence shows a failure to exercise ordinary care for one's own safety and the uncontradicted evidence conclusively shows that by the exercise of slight care, a plaintiff could have avoided injury, the trial court errs in denying summary judgment to the defendant.

*Sims*, 345 S.E.2d at 628. The Eleventh Circuit has noted that summary judgment is appropriate under Georgia law in such

cases when the diver is familiar with the pool in question or knows the depth of the water. *George v. Brandychase,* 841 F.2d 1094, 1097 (11th Cir.1988). Georgia courts have held there is no duty to warn others about shallow water if they know of the condition and it is apparent. *See Murphy,* 333 S.E.2d at 2; *Shuman,* 223 S.E.2d at 268.

These cases differ from the case at bar since they involve licensees and/or invitees who were injured when diving into swimming pools on private property; they are ordinary negligence cases in which a different standard of care controls. However, they are instructive since landowners owe an even greater duty of care to invitees and licensees than to those using property for recreational purposes under Georgia's Recreational Property Act. *Nye v. Union Camp Corp.,* 677 F.Supp. 1220, 1226 (S.D.Ga.1987), *aff'd,* 849 F.2d 1479 (11th Cir.1988). The Act clearly states that members of the public do not have "the legal status of an invitee or licensee to whom a duty of care is owed; ..." Ga. Stat.Ann. § 51–3–23. If, under similar facts, a landowner would not be liable in a routine negligence case where there is a greater duty of care owed to invitees or licensees, then there should be no liability here since the Act's more restrictive standard of care applies.

Finally, the court rejects the implication that Randy Wilson was incapable of comprehending the danger because of his youth. There is no evidence that he was of less than average intelligence for a young man of 16. Consequently, he is presumed to have been capable of understanding and avoiding the danger. *See Bunch v. Stanton,* 174 Ga.App. 233, 329 S.E.2d 538 (1985) (16–year–old was aware of risk when she knowingly dove into pool's shallow end); *Herring v. R.L. Mathis Certified Dairy Co.,* 121 Ga.App. 373, 173 S.E.2d 716 (14–year–old presumed to appreciate dangers of lakes and ponds), *appeal dismissed,* 400 U.S. 922, 91 S.Ct. 192, 27 L.Ed.2d 183 (1970).

## III.  CONCLUSION

The plaintiffs' claim for relief is couched in terms of the government's negligence which is not actionable under the Georgia Recreational Property Act. But even if the court were to permit them to amend their complaint to allege an issue of willful or malicious government conduct under the Act, plaintiffs could not prevail as their case falters on the third prong of the *McGruder* test. The dangerous condition here was the shallow water and there is no evidence that the water's shallowness around the poles was unapparent to visitors at the Booster Club Swimming Area. Indeed, it is uncontroverted that Randy Wilson was cognizant of the water's depth. Because the dangerous condition was known and obvious, the evidence shows an absence of willful failure to guard or warn on the part of the United States. The Act shields the government from liability for plaintiffs' injuries as a matter of law and the government is entitled to summary judgment.

Accordingly, it is ORDERED;

1. Plaintiffs' request to dismiss the defendant's motion to dismiss or in the alternative for summary judgment (document 43) is DENIED.

2. Defendant's motion for summary judgment (document 28) is GRANTED.

3. The Clerk of the Court is directed to close the file and to enter judgment for the defendant.

DONE AND ORDERED.