A91A1355. CITY OF ATLANTA et al. v. UNITED ELECTRIC COMPANY, INC.
(414 SE2d 251)

BIRDSONG, Presiding Judge.

The City of Atlanta and the Downtown Development Authority of the City of Atlanta (collectively "the City") appeal from the grant of summary judgment to United Electric Company ("United") on its claim against the city under OCGA §§ 13-10-1 and 36-82-101 et seq., to recover money owed by a contractor performing work on a project in Underground Atlanta. The city contends that OCGA §§ 13-10-1 and 36-82-101 et seq., do not apply to this case because Underground Atlanta is not a public works project, and because performance bonds were required and obtained for part of the project. *Held*:

1. Although the city's enumeration of error also asserted that its motion to dismiss was improperly denied, this assertion is not supported by argument, reference to the transcript, or citation of authority. Therefore, it is deemed abandoned. Court of Appeals Rule 15 (c) (2); *Carco Supply Co. v. Dick Clem, Master Plumber,* 194 Ga. App. 566 (391 SE2d 134).

2. The record reveals that the City of Atlanta and the Downtown Development Authority were participants in the Underground Atlanta redevelopment project and they entered into an agreement with Underground Festival, Inc., to construct and operate what is generally referred to as Underground Atlanta. Underground Festival, Inc., separately contracted for the construction of the exterior shell of Underground Atlanta and payment and performance bonds were required and provided by the contractor. This project is not involved in this appeal.

Under its agreement with the city, Underground Festival, Inc.,

was responsible for completion of the commercial facilities of Underground Atlanta. Using a tenant allowance provided by Underground Festival Project, Lady Phoenix, the tenant for the project in litigation, contracted with Ferguson, White & Chandler to construct the interior, a retail facility. United, a subcontractor of Ferguson, White & Chandler, provided materials and services for the project.

Although required to obtain payment and performance bonds from contractors by its agreement with the city, Underground Festival, Inc., however, did not require Ferguson, White & Chandler to provide payment and performance bonds. The record shows that Ferguson, White & Chandler did not pay United for services and materials provided on the project, and Ferguson, White & Chandler has declared bankruptcy.

The city's contention that Underground Atlanta is not a public works project is not only without factual or legal support, but is contrary to the evidence and the law. The project was constructed under the Downtown Development Authority Act, OCGA § 36-42-1 et seq. (particularly OCGA §§ 36-42-2 and 36-42-3 (6)), and proper projects under the Downtown Development Authority Act are public works projects. *Odom v. Union City Downtown Dev. Auth.*, 251 Ga. 248, 253-254 (305 SE2d 110). Underground Atlanta is a proper project under the Downtown Development Authority Act. *Nations v. Downtown Dev. Auth. of Atlanta*, 255 Ga. 324, 331-332 (338 SE2d 240).

Accordingly, the Underground Atlanta project falls within the definition of "project" in OCGA § 36-42-3 (6) and the totality of the agreements between the city and Underground Festival, Inc., clearly contemplates a public works project. Consequently, the city was required to obtain payment and performance bonds for the Underground Atlanta project. OCGA § 13-10-1 (b) (2) (A). To require such bonds for only one portion of the project is not sufficient to discharge the city's obligation under this section. Contrary to the city's arguments, the services and material provided by United were clearly contemplated as part of the construction of the commercial facilities portion of the agreement between the city and Underground Festival, Inc.

As the city failed to require payment and performance bonds in accordance with OCGA § 36-82-101, United has a direct right of action to recover for any resulting loss. OCGA § 36-82-102; *Kelly Energy Systems v. Bd. of Commrs.*, 196 Ga. App. 519 (396 SE2d 498); *Housing Auth. of Douglas v. Marbut Co.*, 127 Ga. App. 379 (193 SE2d 574). Accordingly, the trial court did not err by granting summary judgment to United.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

Decided November 19, 1991 —
Reconsideration denied December 11, 1991.

*Bernard R. Thomas, Sr., Lisa E. Steinmetz, Michael V. Coleman*, for appellants.

*McReynolds & Welch, J. Michael Welch, Frederic S. Beloin*, for appellee.