A93A0820. ATLANTA MECHANICAL, INC. v. DeKALB COUNTY.
A93A0821. PALMER BRICK & TILE COMPANY v. DeKALB COUNTY.
(434 SE2d 494)

BEASLEY, Presiding Judge.

These appeals emanate from two lawsuits against DeKalb County by Atlanta Mechanical, Inc., a subcontractor for a public works project, and Palmer Brick & Tile Company, a material supplier for the project. Both plaintiffs appeal the award of summary judgment to DeKalb County and the denial of their cross-motions for summary judgment on like issues consolidated in the trial court.

DeKalb County entered into a public works contract with CRJ Corporation, a general contractor, to construct the DeKalb County Records Facility. Pursuant to OCGA § 36-82-101, contractors on public works projects must provide performance and payment bonds in compliance with OCGA § 13-10-1. On August 1, 1990, CRJ tendered a payment bond to the county in the amount of $524,000, showing Contractors Surety & Fidelity Company, Inc. (CSFC) as surety. Because CSFC was not authorized at the time to do business in Georgia, it was required under OCGA § 36-82-102 to file with the bond an affidavit "stating under oath that [the surety] is the fee simple owner of real estate equal in value to the amount of the bonds. . . ." The latter

statute subjects the county to liability to all subcontractors and material suppliers on a public works contract for any loss resulting from the county's acceptance of a bond which is not taken "in the manner and form" as required above.

The county prepared the requisite affidavit, which was executed by the president/CEO of CSFC as its attorney-in-fact and attached to the bond along with a schedule of real estate. The county admits that it did not investigate the solvency or sufficiency of the surety prior to accepting the bond. Subsequent investigation revealed that the affidavit was false in that CSFC did not own any of the scheduled real estate.

Appellants contend that the county knew in mid-July 1990, approximately two weeks before accepting CSFC's bond for the project, that the surety was the subject of an on-going investigation by the Georgia Insurance Commissioner. The county forwarded to the commissioner at that time copies of payment and performance bonds it had previously accepted from CSFC on other public works projects. A cease and desist order against CSFC was entered by the insurance commissioner on October 23, 1990, prohibiting the surety from continuing to act as an insurance agent in the State of Georgia because of repeated violations of the Georgia Insurance Code occurring over the previous two years.

Atlanta Mechanical showed by affidavit that it fully performed all of the work required in the subcontract with CRJ, and that an outstanding balance of $54,000 remained unpaid by the general contractor.[1] It sued both CRJ and the surety and obtained judgments against them. After discovering that both entities were insolvent, it demanded that the county pay for its work. When the county refused, Atlanta Mechanical brought the present suit alleging breach of a statutory duty to obtain a valid bond under OCGA § 36-82-102 and seeking to impose an equitable lien on any funds held in retainage for the project. (Case No. A93A0820.)

Palmer Brick & Tile Company supplied materials in the amount of $6,904.55 to the project, for which it was not paid. It sued and obtained judgment against CRJ. After discovering that CRJ and the surety were both judgment-proof, it too made a futile demand on the county for payment, resulting in the present action. (Case No. A93A0821.)

Appellants' enumerations of error are identical and will be treated jointly.

1. "A county is not liable to suit for any cause of action unless

---

[1] The construction contract between CRJ and DeKalb County was terminated before completion of the DeKalb Record Facility. CRJ sued the county for breach of contract; the county denied liability and counterclaimed against CRJ for damages.

made so by statute." OCGA § 36-1-4. DeKalb County is statutorily subject to direct liability in this action by virtue of OCGA § 36-82-102.

2. Enumerations of error 1, 2, 3, 5, 6, 7, 8, 10: Appellants contend that the county was not entitled to summary judgment because the affidavit and attachments in support of CSFC's payment bond failed to comply with OCGA §§ 36-82-102 and 13-10-1 (b) (2) (A).

This issue was recently decided in favor of appellants in *J & A Pipeline Co. v. DeKalb County*, 208 Ga. App. 123 (430 SE2d 13) (1993), wherein this court considered the sufficiency of CSFC's affidavit (identical to the affidavit in support of CSFC's payment bond for the DeKalb County Records Facility project) in the context of a motion to dismiss. We recognized that OCGA §§ 13-10-1 (b) (2) (A) and 36-82-102 "together impose a duty on the county to require a payment bond, and provide for liability on the part of the county if it breaches this statutory duty." Id. at 124. Failure on the part of the county to require payment bond in accordance with OCGA § 36-82-102, results in a direct right of action by subcontractors and material suppliers to recover for their losses. *City of Atlanta v. United Elec. Co.*, 202 Ga. App. 239, 240 (2) (414 SE2d 251) (1991).

"[W]hile a county is not absolutely liable whenever a surety on a payment bond is insolvent, it may be liable under OCGA § 36-82-102 if it fails to inquire adequately into the solvency and sufficiency of the surety where the circumstances surrounding the transaction make such failure to engage in further inquiry unreasonable." *J & A Pipeline*, supra at 125. Clearly, the county does not fulfill its statutory duty as a matter of law by simply obtaining a payment bond.

For the reasons stated in *J & A Pipeline*, the schedule of properties on its face should have put the county on notice of the possible inadequacy of the surety. "[T]he most valuable listed asset was not a fee simple interest in real estate and . . . the description of several other assets were legally inadequate for any purpose. . . . Only two of the listed parcels of real estate had adequate descriptions. One of these parcels was in Georgia but provided only $46,000 of equity for security; the other provided $3,050,000 but was in Hollywood Hills, California. Nonetheless the county accepted the bond without any further inquiry." Id. at 123.

To prevail as defendant-movant on summary judgment, the county had the burden of showing there is an absence of evidence to support the nonmoving party's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The county contends that it fulfilled its duty as a matter of law under OCGA § 36-82-102 when it went through the formality of obtaining a payment bond and that it is not statutorily required to review the language of the bond. *J & A Pipeline*, supra, disposes of this issue in favor of appellants. The county

was under a duty to inquire into the solvency and sufficiency of the surety. It admitted its failure to do so. Because the county did not meet its burden as movant, summary judgment was improperly granted in its favor. *Lau's Corp.*, supra.

Appellants contend that *J & A Pipeline* is merely advisory with respect to this issue, since that decision ultimately turned on jurisdictional grounds and we remanded to a court of proper jurisdiction for further proceedings. A decision on the merits was reached in *J & A Pipeline* to the extent that we reversed the dismissal of the action for failure to state a claim. That ruling is binding in all subsequent proceedings in that case. OCGA § 9-11-60 (h). Even if it is not binding precedent in subsequent cases such as this, we are persuaded by its reasoning and it is adopted here. See, e.g., *Ga. Marble Co. v. Warren*, 183 Ga. App. 866, 867 (1) (360 SE2d 286) (1987), in which dictum from another case was expressly adopted.

3. Enumeration of error 4: The trial court concluded that the 1991 legislative amendment to OCGA § 13-10-1 adding subsection (f), is inapplicable because it became effective July 1, 1991, after the bond in this case was accepted. It provides: "Any bid bond, performance bond or payment bond required by this Code section shall be approved as to form and as to the solvency of the surety by the officer of the . . . county . . . who negotiates the contract on behalf of the public entity." It is the position of the county that prior to 1991, there was no duty on its part to investigate and determine the solvency and sufficiency of the surety on the payment bond. However, as we concluded in *J & A Pipeline*, the "1991 amendment explicitly clarified the previously implicit understanding that a surety is not 'good and sufficient' unless it is solvent." Id. at 126.

4. Enumeration of error 9: Appellants contend the court erred in refusing to impose an equitable lien on funds used by the county to complete the project, in compensation for their unpaid work. The county showed that it was no longer holding any funds as retainage or in escrow on the project. Appellants nevertheless urge this court to find entitlement to such a lien for the benefit of "future projects and claimants." This issue is moot.

5. Enumeration of error 11: Appellants' summary judgment motions, which they contend were erroneously denied, were predicated solely on the county's failure to discharge its statutory duty under OCGA § 36-82-102 to ensure that the payment bond and affidavit are in compliance with the requirements of OCGA §§ 36-82-102 and 13-10-1 (b) (2) (A). *J & A Pipeline* requires inquiry into the solvency and sufficiency of the surety if the circumstances reasonably so warrant. Based on the knowledge available to the county prior to the acceptance of CSFC's bond, it unreasonably failed to inquire into the solvency and sufficiency of the surety as a matter of law and is there-

fore liable for appellants' losses under OCGA § 36-82-102.

However, other defenses asserted by the county were neither addressed in plaintiffs' motions nor in the trial court's order. " '(O)n motion for summary judgment the burden was upon the plaintiff[s], as movant[s] to conclusively establish the absence or nonexistence of any defense. . . .' [Cit.]" *Scott v. Aetna Finance Co.*, 201 Ga. App. 81, 82 (410 SE2d 203) (1991). " 'The defendant's answer raised [other] issuable defense[s] which the proof offered by the plaintiff[s] failed to effectively negate.' [Cit.]" *Scott v. Aetna Finance Co.*, supra at 82. For that reason, the denial of appellants' respective motions for summary judgment was proper.

*Judgments affirmed in part and reversed in part. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1993 —
RECONSIDERATION DENIED JUNE 30, 1993 — ▮▮▮▮▮▮▮▮

*McReynolds & Welch, J. Michael Welch*, for appellants.
*Johnson & Montgomery, Harry W. MacDougald, J. Bertram Levy, Albert S. Johnson*, for appellee.