A93A0673. MAYER ELECTRIC SUPPLY COMPANY, INC. v. DeKALB COUNTY.
(435 SE2d 220)

SMITH, Judge.

DeKalb County and CRJ Corporation, as general contractor, entered into an agreement for a public works project known as the DeKalb County Record Storage Facility. Pursuant to a subcontract between CRJ and Mayer Electric Supply Company, Mayer furnished materials which were incorporated into the public work. When CRJ failed to pay, Mayer sought redress against the surety on the public works bond posted by CRJ and approved by DeKalb County. The surety was insolvent, and Mayer brought this action directly against the county. The county moved for judgment on the pleadings, which was granted by the trial court, and the subcontractor appeals.

The material facts underlying this direct action against the public body by a subcontractor for a public work are identical to those in the recent cases of *J & A Pipeline Co. v. DeKalb County*, 208 Ga. App. 123, 124 (1) (430 SE2d 13) (1993) and *Atlanta Mechanical v. DeKalb County*, 209 Ga. App. 307, 309 (2) (434 SE2d 494) (1993). There, as here, the county accepted without critical evaluation an affidavit of the general contractor's non-resident surety, submitted in ostensible compliance with OCGA § 36-82-102. However, the schedule of real estate accompanying the affidavit was so facially irregular as to put the county on inquiry notice of its duty to investigate fully and adequately the solvency of the surety. "While a county is not absolutely liable whenever a surety on a payment bond is insolvent, it may be liable under OCGA § 36-82-102 if it fails to inquire adequately into the solvency and sufficiency of the surety where the circumstances make such failure to engage in further inquiry unreasonable. Clearly, the county does not fulfill its statutory duty as a matter of law by simply obtaining [a piece of paper captioned] payment bond." (Citations and punctuation omitted.) *Atlanta Mechanical*, supra at 309 (2). We decline the county's invitation to revisit the holding of *J & A Pipeline Co. v. DeKalb County*, supra at 124 (1). There, this court held that the 1991 amendment to OCGA § 13-10-1, by the enactment of subsection (f), merely made express something that always had been a tacit but necessary implication: a surety is not "good and

sufficient" unless it is solvent.

It has long been the rule that a county may be directly liable to subcontractors and materialmen left unpaid by an insolvent general contractor, when the bond given to the county by the contractor was not such a bond as is required by statute. See *Decatur County v. Southern Clay Mfg. Co.*, 34 Ga. App. 305, 306 (2) (129 SE 290) (1925). A county's statutory liability under OCGA § 36-82-102 for approving a bond "not taken in the manner and form required" is an express legislative exception to the sovereign immunity of counties. OCGA § 36-1-4; *Atlanta Mechanical v. DeKalb County*, supra at 308 (1). The trial court erred in granting the county's motion to dismiss for failure to state a claim upon which relief can be granted.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 28, 1993 —
RECONSIDERATION DENIED AUGUST 5, 1993 ▪▪▪▪▪▪▪

Bryant, Davis & Cowden, Larry S. Bryant, Cynthia L. Weese, for appellant.

*Patrick F. Henry, Jr., Albert S. Johnson*, for appellee.