A93A0820. ATLANTA MECHANICAL, INC. v. DeKALB COUNTY.

A93A0821. PALMER BRICK & TILE COMPANY v. DeKALB COUNTY.

(443 SE2d 856)

BEASLEY, Presiding Judge.

Atlanta Mechanical, Inc., a subcontractor on a public works project, and Palmer Brick & Tile Company, a material supplier for the same project, brought suit against DeKalb County when they were not paid and the general contractor's surety proved insolvent. Both plaintiffs appealed the award of summary judgment to DeKalb County and the denial of their cross-motions for summary judgment on like issues consolidated in the trial court. We reversed the award of summary judgment to DeKalb County and affirmed the denial of the plaintiffs' cross-motions for summary judgment, relying in part upon this court's holding in *J & A Pipeline Co. v. DeKalb County*, 208 Ga. App. 123, 124 (1) (430 SE2d 13) (1993). *Atlanta Mechanical v. DeKalb County*, 209 Ga. App. 307 (434 SE2d 494) (1993).

This case is again before this court pursuant to the Supreme Court's remand, after granting certiorari, for reconsideration in light of the Supreme Court's reversal of this court's opinion in *J & A Pipeline*. In its *J & A Pipeline* decision, the Supreme Court held that if "the county takes a payment bond from the general contractor or an affidavit from the surety which does, on its face, comport with the statutory requirements [as to 'manner' and 'form'], the subcontractors' and materialmen's direct action remedy will be defeated notwithstanding the subsequent inefficacy of the bond or the subsequent discovery of the falsity of the affidavit." *DeKalb County v. J & A*

*Pipeline Co.*, 263 Ga. 645, 649-650 (437 SE2d 327) (1993).

In this case, as in *J & A Pipeline*, the affidavit required under OCGA § 36-82-102 was taken " 'in the manner and form' required" by the Code section. Id. at 649. Therefore, the subcontractor and materialman's direct action remedy against the county was defeated. Additionally, no question of OCGA § 13-10-1 (f) applies to this case because the statute "was not in effect at the times relevant." Id. at 650.

Accordingly, upon reconsideration in light of the Supreme Court's opinion in *J & A Pipeline*, the prior judgment of this court is vacated, and pursuant to the judgment of the Supreme Court, expressed in its holdings in *J & A Pipeline* and applied to this case, the judgment of the trial court is affirmed.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 1, 1994 —
RECONSIDERATION DENIED APRIL 18, 1994.

*McReynolds & Welch, J. Michael Welch*, for appellants.
*Johnson & Montgomery, Albert S. Johnson, Harry W. MacDougald, J. Bertram Levy*, for appellee.