**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0858. THE WORD OF FAITH MINISTRIES, INC. v. HURT et al.

ELLINGTON, Presiding Judge.

Pursuant to a granted interlocutory appeal, the Word of Faith Ministries, Inc. d/b/a Abundant Life Word Fellowship ("the church") challenges the order of the Superior Court of Putnam County denying the church's motion for summary judgment in this premises liability suit brought by Valerie Hurt on behalf of her son, Mark. Because the church is shielded from liability by the Recreational Property Act ("RPA"), OCGA § 51-3-20 et seq., the superior court erred in denying the church's motion.

Summary judgment is proper when there is no genuine issue of material fact as to any essential element of a claim and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an

appeal from a grant or denial of summary judgment, and we view the evidence and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Norton v. Cobb*, 284 Ga. App. 303, 303-304 (643 SE2d 803) (2007). So viewed, the record shows the following.

In October of 2007, the church sponsored "Hallelujah Fun Night" on its property. The festival was free, open to the community, and intended as an alternative to traditional Halloween activities. Mildred Moss, who was then the youth director at the church, testified that the purpose of the event was to "reach the young people out there . . . [to] bless them . . .[to] do something for them and just let them come in and have fun." The festival, which was advertised on flyers posted around town, included a bounce house, giant inflatable slide, carnival games, and concession stands offering free drinks, popcorn, hot dogs, and cotton candy. According to Moss, no one from the church was assigned to greet or invite festival-goers to attend services or otherwise introduce them to the church.

Hurt brought her ten-year-old son Mark, along with other children, to the festival. Hurt had never given any money to the church and was not a member there. She deposed that she took the children to the festival for fun and entertainment in lieu

of "trick or treating." When they arrived, Mark went directly to the inflatable slide. When he got to the top of the slide, which was about eight feet from the ground, the slide began to lean because several other children had congregated along one side of its base. He fell from the top of the slide onto the asphalt below and suffered injuries, including alleged permanent damage to his left hip joint. Neither Mark nor his mother believed that the church intended to cause Mark harm or that the church acted with "any kind of malice or intent to hurt" Mark.

1. The church contends that it was entitled to summary judgment under the RPA. We agree. The stated purpose of the RPA "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes." OCGA § 51-3-20.

> In order to achieve this purpose, the [RPA] specifies that an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreational purposes may not be held liable for personal injuries resulting from unsafe or defective conditions existing on the premises, unless such injuries resulted from willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

(Citations and punctuation omitted.) *South Gwinnett Athletic Assn. v. Nash*, 220 Ga.

3

App. 116, 117 (1) (469 SE2d 276) (1996); see OCGA §§ 51-3-23; 51-3-25 (1).

It is undisputed that the church offered the festival free of charge to its guests for their recreation and entertainment. Also, there is no evidence that Mark's injuries were the result of willful or malicious conduct on the part of the church or its members. Hurt contends, however, that material issues of fact remain concerning whether the event had an underlying commercial purpose. Hurt argues that the RPA does not apply as a matter of law in this case because the church derived an indirect pecuniary benefit from the use of its property, namely that the event was an act of self-promotion designed to encourage people to become contributing members of the church. We disagree.

As we have explained, "our Supreme Court recognized in *Anderson v. Atlanta Committee for the Olympic Games*, 273 Ga. 113, 116 (2) (537 SE2d 345) (2000), that, for the RPA to apply, it is not necessary that the property be used for sheer recreational pleasure." (Citation and punctuation omitted.) *Matheson v. Ga. DOT*, 280 Ga. App. 192, 195 (1) (b) (633 SE2d 569) (2006). "A single property may have several different uses[.]" Id. In determining whether a property is commercial or recreational, "the important criterion is the purpose for which the public is permitted on the property. If the public is invited to further the business interests of the owner

4

— e.g., for sales of food, merchandise, services, etc. — then the RPA will not shield the owner from liability even though the public receives some recreation as a side benefit." (Citation and punctuation omitted.) *Anderson v. Atlanta Committee for the Olympic Games*, 273 Ga. at 116 (2).

Pretermitting whether soliciting new church members during a free festival can be construed as furthering "the business interests of the owner," there is no evidence that the church was actively seeking to recruit new members during the festival or that they recruited any new members as a result of the festival. Moreover, even if the festival had the effect of encouraging some people to consider joining the church, thereby allowing the church to eventually or potentially "profit" by increased tithes or gifts to the church from those new members, the connection between the festival and the church's "eventual and hypothetical 'profit' is far too tenuous to render the venture commercial." See *Matheson v. Ga. DOT*, 280 Ga. App. 192, 195 n. 2. Therefore, given the undisputed facts of this case, the church was entitled to summary judgment under the RPA. See *Maleare v. Peachtree City Church of Christ*, 213 Ga. App. 593, 595 (1) (a) (445 SE2d 321) (1994) ("These undisputed facts and the absence of evidence that the church required any person to give money to support its cause forecloses issues of fact (genuine or otherwise) regarding lack of immunity

under the [RPA] due to charges for admission onto church property.")

2. The church's remaining claim of error is moot.

*Judgment reversed. Phipps, C. J., and Branch, J., concur.*